## LESTER *v.* HOSKINS, HEISKELL & Co.

JUDGMENTS— *When enjoined.*—Equity will not relieve against a judgment at law when the defense could be made at law, unless it is clearly shown that the defense set up is meritorious, and the party was prevented from making it, by unavoidable circumstances, or without any default or laches on his part.

*Appeal from the Lawrence Circuit Court.*

HON. L. L. MACK, Circuit Judge.

*English, Gantt & English,* for appellant.

*Watkins & Rose,* for appellee.

McCLURE, C. J.

It appears from the record in this case, that Glasscock & Co. were indebted, by note, to Hoskins, Heiskell & Co., in the sum of $2,597 03 ; that in order to secure the payment of this and

other indebtedness, Glasscock & Co. assigned to Lester their partnership book accounts. At the time of this assignment, Lester held the note of Glasscock & Co., due Hoskins, Heiskell & Co., for $2,597 03, for collection, upon which was a credit of $1,816 49.

Hoskins, Heiskell & Co. brought suit against Lester, on the law side of the Lawrence county circuit court, alleging that said Lester was indebted to them, in the sum of two thousand dollars, for moneys collected from the books of Glasscock & Co. Of the pendency of this suit Lester had notice.

At the November term of said court, 1866, Hoskins, Heiskell & Co. obtained a judgment against Lester for $1,294 58, and an execution was issued and levied upon his property.

In April of 1870, Lester filed his bill, setting up the above, and other facts, and prayed for an injunction, based upon the ground, that at the time said judgment was obtained, he was "too sick and wholly unable to ride to said court," and that he conceived his most appropriate remedy was in a court of equity.

Hoskins, Heiskell & Co. filed their answer, wherein they allege that they are unable to admit or deny that said Lester was sick and wholly unable to ride to said court, and ask that he be required to make strict proof to said allegation; that said Lester is an attorney, practicing in the Lawrence circuit court, and that in other cases in which said Lester was a litigant, at said November term, he was represented by Paschal L. Liggan, Esq., a practicing attorney in said court.

At the filing of the bill a temporary injunction was granted, and at the hearing, the injunction was dissolved and the bill dismissed. From the decree Lester appealed to this court.

The appellant sets up no defense in equity, that he could not have availed himself of in a court of law. He simply states the payment of certain sums that he was entitled to receive as credits on the note; the defendants admit the right to these credits, and allege that Lester received credit therefor in the suit at law. The only ground set up in the bill that would

authorize the interposition of a court of equity on the facts stated is, that the appellant was too sick to appear and defend in the court at law.

The defendants, as has been stated, required strict proof upon this point, and none is given; in fact the appellant makes no proof of any controverted allegation in the bill.

Green P. Nunn, it seems, held the receipt of Lester for the note, and was the attorney for Hoskins, Heiskell &, Co.; he died. His executor delivered it to James C. Marain, who called on Lester for the money. Marain testifies that Lester offered to pay the sum due on the note to him in July of 1860, but that he would not agree to pay the interest, and that he, Marain, would not receive the principal without the interest. Marain also states, that he contracted with a partner of Lester's for some land, and that it was agreed that $100 00 should be credited on the note; that Lester was informed of this fact, and refused to do it on the ground that the defendants were residents of the State of Pennsylvania and that the debt was confiscated to the Confederate States.

No claim seems to have been set up by Lester, at the time alluded to, that he had not realized the money out of the assets of Glasscock & Co., and he presents no evidence in support of that position. The offer to pay the note, less the interest, can hardly fail to carry conviction to the mind that Lester must have realized, at least, the amount he offered to pay, out of the assets of Glasscock & Co. He at no time, before the beginning of the suit, placed his refusal to pay the note on the ground that he had not realized the money out of the assets in his hands.

The judgment of the circuit court of Lawrence county is affirmed with costs, and ten per centum damages.