ERNEST C. LOCKE *vs.* SARAH A. LOCKE.

Where an unanswered and uncontested petition for divorce has been granted *nisi,* the court has power under the Judiciary Act, cap. 26, § 2, within six months after the entry of the degree to set aside the decree and reinstate the case for trial on motion, if it appears probable that the respondent had no notice of the pendency of the petition, notwithstanding the officer's return of due service on the citation issued on the petition.

PETITION FOR DIVORCE. On respondent's motion to set aside the decree and reinstate the case for trial.

*October* 31, 1894. TILLINGHAST, J. This is a motion to set aside the decree entered in said case on the 9th day of May, 1894, and reinstate the case on the docket for trial, on the ground that the defendant had no notice of the pendency thereof. The facts which appear of record are these: On February 9th, 1894, the plaintiff filed in this court a petition for divorce against the defendant on the ground of adultery, upon which petition a citation was duly issued returnable on the fourth Monday of April, 1894; that said citation was duly served upon the defendant February 16th, 1894, by a deputy sheriff by reading the same to her in her presence

and hearing, and by leaving a certified copy of the petition with the defendant in person, and that on the 9th day of May, 1894, said petition, which was unanswered and uncontested, was heard and granted *nisi*. In support of her motion the defendant makes affidavit that no service of any paper was ever made upon her in the matter of said petition for divorce, and that she had no notice or knowledge whatever that any such petition had been filed until some time after the entry of said decree; that the first knowledge she ever had that said petition had been filed, and that any proceedings had been had thereon was on the 16th day of October, 1894, when a complaint which she had made against her husband for non-support was on trial before the District Court of the city of Providence, wherein he testified that he had obtained a divorce from her. The defendant further makes affidavit that she is entirely innocent of the charge brought against her in said petition, and that she will prove her innocence if allowed an opportunity to be heard.

While it is true that an officer's return upon a writ is conclusive and cannot be controverted incidentally by motion or plea except in cases especially provided for by statute, *Angell v. Bowler*, 3 R. I. 77, yet, as under section 2 of chapter 26 of the Judiciary Act, the court has control over its decrees for the period of six months after the entry thereof, and "may, for cause shown, set aside the same and reinstate the case, or make new entry and take other proceedings, with proper notice to the parties, with or without terms, as it may by general rule or special order direct," it is clearly within the power of the court to grant the relief asked for in this case without any infringement of the rule above stated, and without any reflection upon the officer who served the writ. He states that he did not know the defendant and doubts if he should be able to identify her now. And although he testifies that he went to the street and number to which he was directed by the plaintiff, and there found a woman who said she was Mrs. Locke and upon whom he served said papers, yet it is possible that some one may have personated the defendant, that the service may have been made upon

some person other than the defendant by mistake, or, even if made upon the defendant herself, that by reason of ignorance or misapprehension she failed to understand the significance thereof. At any rate, that she is acting in good faith in the matter is quite evident from the fact that she prosecuted the plaintiff as her husband for non-support more than five months after the granting of said decree.

We think it would be too strict and technical a construction of the rule concerning the conclusiveness of an officer's return, to hold that in case of the existence of either of the suppositious cases above mentioned the defendant, though making her motion within the said six months should nevertheless not only be deprived of her marital rights, but also branded as an adulteress, and this without any adequate remedy. Moreover, we think that the court should be very liberal in granting an application to set aside decrees in divorce cases, within the six moths allowed by law, when it appears at all probable that there was no service, or where, for other reasons, the defendant has not had a fair opportunity to be heard in his defence. Not only the parties themselves but the public also have an interest in the result of every suit for divorce, and the court should aim to afford the fullest possible hearing thereof. See Browne on Divorce, 400 ; *McBlain v. McBlain,* 77 Cal. 507; *Lawrence v. Lawrence,* 73 Ill., 577.

The decree is set aside, and the case reinstated on the docket for trial.

*George J. West,* for petitioner.

*John D. Thurston,* for respondent.