## JOHN DOWELL *vs.* PATRICK GOODWIN.

PROVIDENCE—DECEMBER 3, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity. Injunctions. Return of Process. Fraud. Contradiction of Record.*

A bill in equity will lie to enjoin an action at law on a judgment obtained by the fraud of the officer charged with the service of the writ in the original action. The contradiction of the return of the officer and the impeaching of the record in the original action on such a bill is not within the rule laid down in *Angell* v. *Bowler*, 3 R. I. 77 ; *Estes* v. *Cooke*, 12 R. I. 6 ; *Barrows* v. *Rubber Co.*, 13 R. I. 48.

*Semble*, it is a general principle of equity that a judgment at law procured by fraud may be enjoined at the suit of the injured party and the plaintiff restrained from enforcing it.

(2) *Equity. Adequate Remedy at Law.*

Adequate relief cannot be obtained at law so as to exclude the right to

resort to equity, for the making of a false and fraudulent return of process by an officer, through which judgment is obtained against the complainant and his property subjected to attachment in an action upon such judgment, by allowing the complainant to resort to an action against the officer after he has been compelled to satisfy the judgment.

BILL IN EQUITY to restrain the further prosecution of an action upon a judgment alleged to have been procured by means of a fraudulent return of process by the officer in the original action.    The facts are fully stated in the opinion. Heard on demurrer, and demurrer overruled.

TILLINGHAST, J.    This is a bill to enjoin the prosecution of an action at law against the complainant, and for other relief.

The bill sets out that on the 10th of March, 1896, the respondent sued out a writ before the District Court of the Sixth Judicial District, to recover from the complainant the sum of $80 for work and labor done ; that said writ was placed in the hands of one John F. Ryan, a constable of Pawtucket, R. I., for service ; that it was returnable on the 23d day of March, 1896, at which time it was entered in said court ; that said constable made a return on the writ in which he set forth that on the 14th day of March, 1896, he attached the right, title, and interest of the defendant in that suit to certain land described in his return, and that on the same day he summoned the defendant in that suit by leaving an attested copy of the writ with him ; that thereafterwards, on the 30th day of March, 1896, said court rendered judgment against this complainant, the defendant in that suit, for said amount claimed, with costs, which judgment has never been appealed from or reversed, and that the same now stands on the record of said court.

The complainant then avers that said Ryan, constable, never made any attachment of the real estate of this complainant on said 14th day of March, 1896, nor on any other day ; and that he did not leave any copy of said writ with him, the complainant ; and that he did not summon him as set forth in his return, or in any other manner whatsoever, either on said 14th day of March or at any other time ; and that the

return of said officer was wholly and absolutely untrue and fraudulent in every particular.

The complainant further avers that he did not answer said action at law, because he was wholly ignorant of the existence of the same; and that he did not know thereof, or of any judgment rendered therein, until on or about the 13th day of May, 1899.

He further alleges that he was not indebted to the plaintiff in said action in any sum whatsoever, and that the alleged claim set up therein is groundless, and that the judgment rendered therein is fraudulent and void.

The bill further alleges that on the 19th day of May, 1899, the respondent commenced an action of debt on judgment against the complainant in said District Court, said judgment being the same that was obtained in the fraudulent action above referred to; that in said last-named action he has attached the land of the complainant, and that said action is now pending in said District Court.

The bill further alleges that by the fraudulent acts of said Ryan, and his false return on said writ, the complainant has been greatly injured and damaged, and that the respondent is aware of said illegal and fraudulent acts, but persists in pursuing the complainant on said fraudulent judgment; and also that the complainant is wholly remediless at law, and can only have relief in a court of equity.

Wherefore he prays that the respondent be perpetually enjoined from further prosecuting his action on said judgment, and for other relief.

To this bill the respondent demurs on the following grounds, namely:

(1) That the bill seeks relief against the enforcement of a judgment obtained upon the writ mentioned in paragraph 2 of the bill, because, as the bill alleges, said writ was not served at all, either by summons or by attachment, while the bill itself and the copy of said writ attached thereto show a return by a proper officer of full and regular service of said writ upon the complainant, both by attaching his real estate and by personal service of a copy of the writ upon him; (2)

that the alleged grounds for relief consist wholly and only of the contradiction of the return of the constable upon a writ which he was competent to serve; (3) that the complainant has an adequate remedy at law against the officer and the surety on his bond; and (4) that the bill does not state a case entitling the complainant to the relief prayed for.

(1)   The question raised by the first two grounds of demurrer is whether, under the facts set forth in the bill, the officer's return on the writ in the action in which the judgment sued on was recovered can be contradicted.   Or, to state it more generally, the question raised is whether a bill in equity will lie to enjoin an action at law on a judgment which was obtained by the fraud of the officer charged with the service of the writ in the original action.

The respondent's counsel contend that the officer's return cannot thus be contradicted, and that such a bill will not lie; and that the cases of *Angell* v. *Bowler*, 3 R. I. 77; *Estes* v. *Cooke*, 12 R. I. 6; and *Barrows* v. *Rubber Co.*, 13 R. I. 48, fully sustain them in the position which they take.   The cases cited hold that an officer's return is conclusive and cannot be contradicted incidentally by motion or plea.   Also, that the return is part of the record, and that parol evidence cannot be submitted to contradict the court record; for so long as it remains it is conclusive upon the parties, and in order to change it some appropriate proceeding acting directly upon the record must be instituted.   It is to be observed, however, that the rule as thus laid down in the cases relied on applies to common-law actions; see *Pratt* v. *Jones*, 22 Vt. at p. 345; *Pettes* v. *Bank*, 17 Vt. at p. 444; and hence the question arises whether it is also applicable to suits in equity; for, if so, it is controlling in the case at bar unless it can be held that this is a proceeding acting directly upon the record in said original action, which we do not think it is.   To state the question more concisely, can a court of equity ever interfere and grant relief by way of permitting the record of a common-law court to be impeached as to the officer's return on the writ, or as to any other part of the record?   We think this question must be answered in the affirmative.

One of the peculiar provinces of a court of equity is to relieve against willful misrepresentation and fraud. A court of equity is a court of conscience; and whatever, therefore, is unconscionable is odious in its sight. Indeed, it is said by Judge Story in his Commentaries that "fraud is even more odious than force." That a judgment obtained in a court of law by a false and fraudulent writ or by a false and fraudulent return thereon by the officer is so wholly unconscionable as to shock the inherent sense of justice of all right-thinking men, no one will deny. And it would be a reproach to our system of jurisprudence if a court of equity could afford no relief against a judgment so obtained. But that equity does afford a full and adequate remedy against such a wrong, and that the case stated in the bill before us is clearly within the jurisdiction of such a court, is fully shown by the authorities, to some of which we will proceed to refer.

Perhaps the leading case in this country upon the subject of equitable relief against judgments at law is that of *Marine Ins. Co.* v. *Hodgson*, 7 Cranch, 332, in which Chief Justice Marshall specified the grounds for the interference of equity in the following terse language:

"Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself at law, but was prevented by fraud or accident unmixed with any fraud or negligence in himself or his agents, will justify an application to a court of chancery."

In *Savings Bank* v. *Eldredge*, 28 Conn. 563, Storrs, C. J., said: "No principle is better settled, or more frequently acted on, than that a court of equity will interfere to restrain the use of an advantage gained by the proceedings of a judicial tribunal, either of law or equity, irrespective of the inquiry whether those proceedings were regular or not, when they must otherwise make either of those tribunals an instrument of injustice, in all cases where such advantage has been

gained by the fraud of the opposite party, or by accident or mistake, without the fault of the party seeking relief against them.    In regard to the judgment of a court of law, it does not in such a case reverse that judgment, but, conceding it to be valid, it prevents its being used for an unconscientious or inequitable purpose."

In *Earle* v. *McVeigh*, 91 U. S. at p. 507, Mr. Justice Clifford said :

"Argument to show that no person can be bound by a judgment, or any proceeding conducive thereto, to which he was never a party or privy, is quite unnecessary, as no person can be considered in default with respect to that which it never was incumbent upon him to fulfill.    Standard authorities lay down the rule that, in order to give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and the subject-matter ; and it is equally clear that the want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it, as the want of jurisdiction makes it utterly void and unavailable for any purpose."

In *Hogg* v. *Link*, 90 Ind. 346, it is held to be well-settled that a judgment may be enjoined for fraud in obtaining it, at the suit of the injured party, such a fraud being regarded as perpetrated upon the court as well as upon the injured party.

In *Dobson* v. *Pearce*, 12 N. Y. 156, it was held that a court of chancery has power to grant relief against judgments obtained by fraud.    "Any fact," says the court, "which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not avail himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an interference by a court of equity."

Perhaps no better summary of the law appertaining to the question now under discussion can be given than that which is found in Freeman on Judgments, vol. 2, § 495.    That part of the section which is pertinent reads as follows :

" We shall now consider the circumstances in which a defendant may be relieved from a judgment or decree rendered in an action wherein his failure to defend is not chargeable to the plaintiff. Prominent among the grounds of relief belonging within this class of cases is the one where the court has proceeded to condemn a party without first giving him an opportunity to be heard. A judgment pronounced without service of process, actual or constructive, and without the defendant's knowing that a court has been asked to adjudicate upon his rights, is regarded with such disfavor at law that a variety of motions, writs, and proceedings are there provided to overthrow it; and in many courts it is at all times and upon all occasions liable to be entirely disregarded upon having its jurisdictional infirmity exposed. But proceedings in equity are peculiarly appropriate for the exposure of this infirmity. They permit of the formation of issues upon the question of service of process, and of the trial of those issues after full opportunity has been given to those who seek to sustain as well as to those who seek to avoid the judgment. If at such trial it satisfactorily appears that the defendant was not summoned, and had no notice of the suit, a sufficient excuse is shown for his neglect to defend, and equity will not allow the judgment, if unjust, to be used against him, no matter what jurisdictional recitals it contains."

To the same general effect are the following cases, viz.: *Wistar* v. *McManes*, 54 Pa. St. on p. 326 ; *Stubbs* v. *Leavitt*, 30 Ala. 352 ; *Duncan* v. *Gerdine*, 59 Miss. 550 ; *Jeffrey* v. *Fitch*, 46 Conn. 601 ; *Ins. Co.* v. *Waterhouse*, 78 Ia. 674 ; *Vilas* v. *Jones*, 1 N. Y. 274 ; *Wingate* v. *Haywood*, 40 N. H. 437 ; *Little* v. *Price*, 1 Md. Ch. 182 ; *Lester* v. *Hoskins*, 26 Ark. 63 ; *Martin* v. *Parsons*, 49 Cal. 94 ; *French* v. *Shotwell*, 5 Johns. Ch. 554. See also Beach on Injunctions, §§ 615–631 ; Spelling Ex. Relief, vol. 1, § 139. Although there is no decision in our own reports which fully controls the case at bar, yet there are several in which the validity of the doctrine above enunciated is clearly recognized. In *Spooner* v. *Leland*, 5 R. I. 348, which was a bill to enjoin an execution

in an action at law, this court, while it denied the relief prayed for on the ground that the answer completely negatived all the allegations of the bill as to the defences of the complainant in the original action, yet held that if the party wronged had no notice or knowledge of the judgment obtained against him until after the expiration of the year within which he might have applied for relief on the law side of the court; he would certainly, on the ground of breach of trust and for the prevention of fraud, be entitled to it in equity.

In *Furbush* v. *Collingwood*, 13 R. I. 720, which was a bill by a judgment creditor for injunction and for revision of the judgment in the matter of costs, it was held that a court of equity has no more jurisdiction to revise and correct the judgments of a court of law in the matter of costs than in the matter of debt or damages, and that in either matter it has jurisdiction only in case of fraud, accident, or mistake, or something of that nature. In delivering the opinion of the court, Durfee, C. J., said :

"We apprehend that what is meant by fraud, as a ground for enjoining or setting aside a judgment, is not mere falsity of claim or proof, but fraud outside of them, perpetrated by some artifice or contrivance of the party or person benefited, or by some collusion of both parties, whereby in the course of the trial, or in entering judgment, the injured party or the court has been imposed upon or betrayed into inattention and deceived. Freeman on Judgments, §§ 487, 489 ; High on Injunctions, §§ 86, 96, 97, and notes ; *Muscatine* v. *Railroad Company*, 1 Dillon C. C. 536 ; *Bateman* v. *Willoe*, 1 Sch. & Lef. 201, 204 ; *Emerson* v. *Udall*, 13 Vt. 477. No such fraud is alleged here." See also *Linnell* v. *Battey*, 17 R. I. 241 ; *Rogers* v. *Rogers*, *Ib.* 623.

The allegations of the bill in the case at bar satisfy all of the conditions which these cases, in common with the great current of authorities, render essential in order to give jurisdiction to a court of equity, and hence we have no doubt that it is maintainable.

(2)    The third ground of demurrer is not well taken. The com-

plainant has no adequate remedy at law.    To permit the respondent to prevail in his action on the judgment sued on and compel the complainant to pay the same, and then resort to an action against the officer who served the writ, involves a circuity and remoteness in attaining redress, and an uncertainty as to the result of such an action, which is quite foreign to the spirit of equity.    Black on Judgments, vol. 1, § 377 ; *Ridgway* v. *The Bank of Tennessee*, 30 Tenn. 523.

As the fourth ground of demurrer is covered by what we have already said, there is no occasion for us to consider it separately.

The demurrer is overruled.

*T. W. Robinson and C. J. Farnsworth*, for complainant.
*McGuinness & Doran*, for respondent.