## Turks Head Tailoring Co. *vs.* Edward D. Anthony.

### JULY 9, 1915.

Present:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Contradicting Return of Officer.   Process.*

As to statements in the return of process which set forth the doings of the officer, the return cannot be contradicted by motion or plea, but statements as to other matters or conclusions of fact or law are not conclusive and may be treated as surplusage and contradicted in a plea in abatement.

*(2)   Procedure.   Pleading.   Abatement.*

In a district court defendant entered a special appearance and pleaded in abatement.   At the time set for hearing plaintiff did not appear, and decision was entered for "defendant for costs by nonsuit of plaintiff, plaintiff not appearing."   Plaintiff claimed a jury trial.

*Held,* that defendant was entitled to be heard on the plea in abatement in the Superior Court.

*(3)   Return of Process.*

The return of an officer, that "the defendant having no last and usual place of abode in my precinct, and no place of address known or to be ascertained by me, I have made no further service of this writ," fails to show that he could not find defendant or that he made sufficient effort to do so and failed, and the case was properly dismissed for want of service.

*(4)   Jurisdiction.   Judgment for Costs.*

Where a court finds that it is without jurisdiction of the action, it is without jurisdiction to render judgment for costs.

Assumpsit.   Heard on exceptions of plaintiff and sustained in part.

Sweetland, J.   This is an action commenced in the district court of the sixth judicial district.   In the writ in said case it is alleged that the defendant is of Barrington, in the county of Bristol.   The officer charged with the service of said writ in his return thereon, after setting out an attachment of the personal estate of the defendant by trustee process, states that:   "the defendant having no last and usual place of abode in my precinct, and no place of address known or to be ascertained by me, I have made no further service of this writ."   The defendant entered a special appearance in said district court for the purpose of

filing a plea in abatement. Said plea in abatement alleged that the defendant had always lived in the State of Rhode Island; that during all the time within which said writ should have been served upon the defendant in accordance with law, he was within the precinct of the officer and could have been found by him. At the time set for hearing upon said plea in abatement in said district court the plaintiff did not appear and the following entry was made by the justice of said court: "December 29, 1911. Decision for the defendant for costs by nonsuit of the plaintiff, the plaintiff not appearing." The plaintiff duly claimed a jury trial; and said case was certified to the Superior Court. In the Superior Court a demurrer to said plea in abatement was filed and on hearing the same was overruled.

Later, either on the defendant's motion to dismiss said action or upon said plea in abatement, the record is not certain as to which, a justice of said Superior Court quashed said writ and ordered the entry of judgment for the defendant for costs. The case is here upon exceptions to the action of the Superior Court.

(1)    The plaintiff's demurrer attacked said plea in abatement on the ground that the plea contradicted the officer's return on the original writ. This court has held that: "The officer's return is conclusive and cannot be controverted incidentally by motion or plea, except in cases specially provided for by statute." *Angell* v. *Bowler*, 3 R. I. 77. This is true as to the statements contained in the return which set forth the doings of the officer. As to such statements, the return cannot be contradicted on motion or by plea. But the officer's statements in the return as to other matters or the conclusions of fact or law, which he may make and put in the return are not conclusive; they may be treated as surplusage; and may be contradicted in a plea in abatement. *Sheldon* v. *Comstock*, 3 R. I. 84. The plaintiff's demurrer was properly overruled.

The ruling of the justice of the Superior Court that the entry of "nonsuit" in the district court, where there had

been no general entry of appearance for the defendant and no hearing either on the plea in abatement or the merits of the plaintiff's claim in the action, did not deprive the defendant of the right to be heard afterwards upon his plea in abatement, was a correct ruling.

The record before us does not certainly show whether said justice of the Superior Court sustained the plea in abatement and quashed the writ, or dismissed the case upon motion for insufficient service appearing upon the face of the officer's return. We think that either action on the part of said justice would have been proper. The parties before us have treated the action of the Superior Court as a decision upon the plea in abatement. We shall so consider it, although an entry upon the papers would indicate that the action of the court was otherwise. If said justice heard the facts and found them to be as alleged in the plea, his action in quashing the writ was proper. Also the officer's return fails to show that he could not find the defendant or that he made sufficient effort to do so and failed; the case properly might have been dismissed upon that ground. Whatever action the court took, the case was disposed of adversely to the plaintiff because there had been no service upon the defendant; hence the court was without jurisdiction. The limit of the court's power was to pass upon the question of its own jurisdiction, and finding that it had none, to quash the writ or dismiss the case, it was without jurisdiction to render a judgment for costs. We find the action of the Superior Court in entering either a decision or a judgment for the defendant for costs to be erroneous.

The plaintiff's exception to the action of the Superior Court is sustained in so far as said court entered a judgment for the defendant for costs. In other respects said exception is overruled.

The case is remitted to the Superior Court.

*Frank H. Wildes,* for plaintiff.

*Easton, Williams & Rosenfeld, Charles R. Easton,* for defendant.