298 A.2d 800.

CARMELINA NOCERA, *Administratrix vs.* EVA LEMBO.

JANUARY 9, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

18

JOSLIN, J. In this civil action in the Superior Court the defendant moved to dismiss on the ground that failure to serve her with process in the manner provided by Super. R. Civ. P. 4(d)(1),[1] deprived the court of jurisdiction over her person. Her motion was denied and she appealed. Thereafter, the plaintiff asked us to dismiss that appeal on the ground that the case had not been finally determined in the Superior Court. We denied her request to dismiss the appeal, *Nocera v. Lembo,* 109 R. I. 956, 288 A.2d 271 (1972), and the case is now here for decision on the defendant's jurisdictional challenge.

The defendant supports her motion with an affidavit stating that the deputy sheriff charged with the service of process swore falsely when he recited in his return that on January 10, 1972 he left copies of the complaint and summons "at [the] usual place of abode of said [d]ef., with a person of suitable age and discretion then residing therein." Those papers, the affidavit continues, were not delivered to her by

---

[1]Super. R. Civ. P. 4(d)(1) reads as follows:

"Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an incompetent person by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given."

that officer, but were sent by regular mail and deposited at her dwelling on January 10, 1972 by a letter carrier.

As no counter affidavits were filed and no testimony was taken, all that was before the trial justice was the deputy sheriff's return plus defendant's motion and accompanying affidavit. Upon that record, supplemented only by arguments of counsel, he found that service was made upon defendant in the manner prescribed by Rule 4(d)(1), and that existing law did not at that stage of the proceedings permit consideration of defendant's sworn assertion that the process server had falsified his return. Accordingly, he denied defendant's motion to dismiss. This appeal followed.

The principles upon which the trial justice relied are of long standing. At their core is the rule that an officer's return is conclusive with respect to the recital of his doings, and that it cannot be controverted by motion or plea. *Shannon* v. *Norman Block, Inc.,* 106 R. I. 124, 256 A.2d 214 (1969);[2] *Turks Head Tailoring Co.* v. *Anthony,* 38 R. I. 7, 94 A. 857 (1915); *N. Angell & Son* v. *Bowler,* 3 R. I. 77 (1854).

That a party injured by an officer's false or fraudulent return of a writ could not directly attack that return did not mean that he was completely remediless. Even in early times he could sue the sheriff on his bond. In addition, a court of equity, always a court of conscience, would assist by enjoining the enforcement of a judgment based upon such a return. *Dowell* v. *Goodwin,* 22 R. I. 287, 291, 47 A. 693, 695 (1900); *Locke* v. *Locke,* 18 R. I. 716, 30 A. 422 (1894).

Now that law and equity have been merged as the result of the 1966 adoption of new Rules of Civil Procedure of

[2]In *Shannon* it was not argued that our rules with respect to sheriff's returns should be reexamined, and our reference to those rules in that case was intended as a summary, rather than a reaffirmation, of the law as it then was.

the Superior Court, it no longer makes good sense to deny a party claiming injury an opportunity to challenge directly by plea or motion an allegedly false or fraudulent return or to contradict the recitals contained therein. 1 Kent, *R. I. Civ. Prac.* §4.12 at 41.

He enjoys that opportunity in the federal system where the courts, while importing verity to a process server's return, nonetheless allow the presumption of its regularity to be overcome by strong and convincing evidence of its inadequacy. *Hicklin* v. *Edwards,* 226 F.2d 410, 414 (8th Cir. 1955); 4 Wright & Miller, *Federal Practice & Procedure* §1130 at 544-46 (1969); 2 Moore, *Federal Practice* ¶4.43 at 1295.3-.5 (1970). Evidence to be that persuasive, a federal judge has said, demands corroboration of an interested person's testimony, and the presentation of an almost irrefutable case for impeachment. *Halpert* v. *Appleby,* 23 F.R.D. 5, 6 (S.D.N.Y. 1958).

In construing the Superior Court rules it has been our practice to look for guidance in the precedents of the federal courts, upon whose rules those of the Superior Court are closely patterned. *Giarrusso* v. *Corrigan,* 108 R. I. 471, 276 A.2d 750 (1971); *Bragg* v. *Warwick Shoppers World, Inc.,* 102 R. I. 8, 11, 227 A.2d 582, 584 (1967); *Industrial Nat'l Bank* v. *Colt,* 101 R. I. 488, 491, 224 A.2d 900, 902 (1966). Indeed, we will not look elsewhere unless there is "strong reason" for doing so. *Laliberte* v. *Providence Redevelopment Agency,* 109 R. I. 565, 575, 288 A.2d 502, 508 (1972). Such a reason has not been shown in this case, and we therefore give to Super. R. Civ. P. 4(h) the same meaning which its federal counterpart [Fed. R. Civ. P. 4(g)] has received in the federal courts. Henceforth, then, the truthfulness of a sheriff's return, instead of being conclusively presumed, may be impeached by evidence which is strong and convincing.

Having determined the new guideline, we use it to test

whether, as defendant claims, the process server in this case fraudulently and falsely represented that he left the complaint and summons at her usual place of abode. This deficiency, if true, is irremediable. It cannot be cured even though defendant may have acquired actual knowledge of these proceedings as a result of the delivery of process by the letter carrier at what was in fact her dwelling. *Kadet-Kruger & Co.* v. *Celanese Corp.*, 216 F.Supp. 249 (N.D. Ill. 1963); *Frasca* v. *Eubank,* 24 F.R.D. 268 (E. D. Pa. 1959).

As the case comes to us, however, the mere fact that the officer's proof of service may be false or fraudulent does not necessarily dictate how we should dispose of the case. For aught we know, that allegation was uncontradicted in the Superior Court, not because the deputy sheriff was guilty as charged, but solely because the rule of conclucivity made contravention unnecessary. If that be so, then, of course there is the possibility, if not the likelihood, that a rehearing under the revised guideline will produce a denial from him.

To ignore that possibility and to grant defendant's motion to dismiss the action would indeed be drastic relief. It would, moreover, be particularly inappropriate here since defendant does not claim that she was in any way prejudiced by the allegedly faulty service or fraudulent return; that she is or was at any material time incompetent, a nonresident of this state or not otherwise amenable to service; that she lacked actual notice of the proceedings or failed to receive the process in ample time to defend; that process was left at a place not her dwelling or usual place of abode; or that to grant her motion will gain her anything but time.

When her counsel was asked by the trial justice why on such a record he insisted on pressing the motion to dismiss, and did not, instead, answer the case and go to trial on the

merits, his reply was: "[f]or the reason, Your Honor, that the deputy sheriff has committed a fraudulent act and should be censured and reprimanded."

In view of all the circumstances it seems to us that justice will best be served, if, instead of dismissing the action, as we would ordinarily be prone to do, we remit it to the Superior Court so that it can be determined whether, under the revised guideline, process was served as required by Rule 4(d)(1).

There remains defendant's further contention that the return was insufficient because it recites only that process was left at defendant's place of abode on January 10, 1972 and does not in addition (1) give the address or otherwise specify the location of defendant's place of abode, or (2) set forth the precise time of day or night when service was made. We do not reach this contention for the obvious reason that the legal controversy in this case in no way involves where or when the summons and complaint were left, but only who left them at a place which the parties agree was defendant's usual place of abode and at a time which they agree was January 10, 1972. In light of these circumstances defendant's contention does not raise a justiciable issue and need not be answered. *Industrial Nat'l Bank* v. *Isele*, 101 R. I. 734, 737, 227 A.2d 203, 205-06 (1967).

For the reasons indicated, the defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court for a rehearing on the motion to dismiss at which the guideline herein announced shall control.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for plaintiff.

*Donald R. Lembo,* for defendant.