355 A.2d 405.

## HOWARD KAUFMAN *vs.* LUTHER A. RAY.

APRIL 14, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

KELLEHER, J. In June of 1973 the District Court entered a default judgment for $1,350 against the defendant. A motion to vacate this default judgment was denied in the District Court, and the defendant appealed to the Superior Court from the denial of this motion. The Superior Court denied his appeal, and thereafter he appealed to this court.

The plaintiff resides in Cranston. The substance of his complaint, which was filed in the District Court on November 3, 1972, was that defendant, a building contractor, had improperly installed a backyard terrace. On November 9, 1972, the summons was filed in court. The return appearing on the summons indicates that service was made on November 6, 1972, "[b]y leaving a copy of the summons and complaint at [the defendant's] usual place of abode * * * with a person of suitable age and discretion then residing therein." Since no answer to the complaint

was filed by defendant, plaintiff proceeded with his proof of claim after the entry of default, and on June 22, 1973, a judgment was entered for plaintiff in the amount noted above. Almost 4 months later, on October 2, 1973, defendant began his efforts to set the judgment aside.

The sole issue in this case relates to the constable's return. The constable testified that on November 6, 1972, he made service at defendant's Cumberland home by delivering a copy of the summons and complaint to defendant's wife. Mrs. Ray testified to the contrary.

Formerly, an officer's return was conclusive with respect to his doings, and it could not be controverted by motion or plea. *Shannon* v. *Norman Block, Inc.*, 106 R. I. 124, 130, 256 A.2d 214, 218 (1969); *Turks Head Tailoring Co.* v. *Anthony*, 38 R. I. 7, 8, 94 A. 857, 858 (1915); *Angell & Son* v. *Bowler*, 3 R. I. 77 (1854). While a party injured by the false or fraudulent return could sue the officer or seek equitable relief which would enjoin the enforcement of a judgment based upon such a return, we decided that with the 1966 advent of the Superior Court Rules of Civil Procedure, it no longer made good sense to deny a party claiming injury the opportunity to make a direct challenge as to the accuracy or truth of facts contained in an officer's return of process. *See Nocera* v. *Lembo*, 111 R. I. 17, 20, 298 A.2d 800, 803 (1973). No longer is there the conclusive presumption as to the truthfulness of a sheriff's return. It may be impeached by "strong and convincing" evidence. *Id.*

Although Mrs. Ray in her Superior Court testimony was not totally certain where she was on November 6, 1972, she insisted that the constable could not have left the documents with her because she was, to the best of her knowledge, working that day at a family-operated coffee shop located just a half mile away from her home, her working hours being from 5:30 a.m. to closing at

approximately 2:30 p.m. Even if she was home, she contended that the receipt of a summons would have caused her to "panic" and bring the matter to her husband's attention. The trial justice characterized Mrs. Ray's testimony as "vague and uncertain" and went on to say that it did not satisfy the strong and convincing standard set forth in *Nocera*.

The defendant argues that the trial justice, in considering the motion to remove the default, should have kept in mind the defendant's constitutional right to have a jury determine whether he did a good or bad job in building the plaintiff's terrace.[1] However, before a jury can be impaneled to consider the defendant's skill or lack of skill in the building arts, the defendant, since he is seeking relief from a default judgment, must convince the trial justice of the adequacy of his reason for his failure to respond to the court's process. *David-Hodosh Co.* v. *Santopadre*, 112 R. I. 567, 569, 313 A.2d 378, 379 (1974). Since he has failed to do this, we see no reason to disturb the trial justice's finding.

The defendant's appeal is denied and dismissed.

*Levy, Goodman, Semonoff & Gorin, Anthony F. Muri,* for plaintiff.

*Quentin J. Geary,* for defendant.

---

[1] The defendant in his brief appeared to be arguing the point that he was entitled to a jury trial on the issue of whether he had proved that the constable had not served his wife. However, in oral argument defense counsel clarified the situation by explaining that his references to a trial by jury were intended to point up his belief that a trial justice should bear in mind that a denial of a removal motion removes any possibility of a jury's passing upon the merits of the controversy which caused the suit.