February 11, 1980.

Appeal No. 78-199.   HELEN E. JUNG *et al. v.* IRENE CAMP-BELL *et al.* This is a Superior Court automobile negligence action in which a default judgment was entered against Irene Campbell (Irene) for the respective plaintiffs in the total amount of $10,000. Thereafter, Irene filed a motion to remove the default on the ground that, notwithstanding the deputy sheriff's return to the contrary, she was never served with process. The motion was denied, and Irene took an appeal.

On December 6, 1979, Irene, through her counsel, appeared before us in response to our order to show cause why her appeal should not be dismissed because (1) she failed to obtain the requisite certificate called for by Super. R. Civ. P. 54(b) in a multiple-party action and (2), even assuming the certificate had been obtained, there is nothing in the record which could serve as a basis for faulting the trial justice's findings.

Our concern about the failure to comply with the certification portion of Super. R. Civ. P. 54(b) proved needless. At oral argument, proof was presented indicating that a named defendant, Miles F. Campbell,[1] had died several months prior to the Jung-Campbell collision. Whatever interest the deceased had in the Campbell vehicle has been transferred to Irene. Thus, the only viable question is the correctness of the trial justice's denial of the motion to vacate.

At the Superior Court hearing, Irene denied ever being served with process and then presented additional documentary evidence which purported to show that on other occasions when the Campbell clan had been involved in auto-

---

[1]There was a third defendant, Frank L. Fraioli, the operator of the Campbell car. A default judgment was entered against him for $10,000 on June 21, 1976. Nothing has been realized on that judgment.

motive litigation, the insurer had been contacted soon after process had been served. However, there was nothing in this documentary evidence that would support such a conclusion. For instance, introduced as an exhibit was an affidavit of an attorney who had sued Irene. The attorney averred that Irene's insurance carrier was American Universal Insurance Company. There is an accident report to American Universal dated October 25, 1965, reporting an accident that occurred two days earlier. Neither the affidavit nor the report constitute proof that Irene's contact with her insurer was post-service. The two-day interval between the October 1965 collision and the report date would indicate that Irene was reporting to her insurer before litigation became a reality.

Irene's daughter, Patricia, who lived with her mother during the time when service in this case was supposedly made, testified that at no time did she ever see the papers which were served upon her mother, nor did she hear her mother mention anything about a summons having been served upon her. On cross-examination, however, Patricia conceded that during the time of the alleged service she was working away from home five days a week, Monday to Friday, from 8 a.m. to 4:30 p.m.

The sheriff of Kent County presented his records, indicating that Irene had been served with process on July 18, 1967. The deputy sheriff whose return was being challenged testified by way of deposition. He insisted that Irene had been served.

The trial justice, in denying the motion to vacate, alluded to our ruling in *Nocera* v. *Lembo*, 111 R.I. 17, 298 A.2d 800 (1973), where we ruled that a sheriff's return could be impeached by "strong and convincing evidence." The trial justice found that Irene had failed to sustain this burden of proof. Likewise, we find that Irene has failed to persuade us that the trial justice, in his consideration of the record and testimony, misconceived and overlooked material evidence.

Cause not having been shown, it is hereby ordered that the defendant's appeal is denied and dismissed, the judgment

appealed from is affirmed, and the case is remanded to the Superior Court. *Harold H. Winsten, Richard D. Boriskin,* for plaintiffs, *Gordon C. Mulligan,* for defendants.