**PRECISION ETCHINGS & FINDINGS, INC., Plaintiff, Appellee,**

v.

**LGP GEM, LTD., Defendant, Appellee,**

**Maurice C. Feiger, Defendant, Appellant.**

**PRECISION ETCHINGS & FINDINGS, INC., Plaintiff, Appellee,**

v.

**LGP GEM, LTD., Defendant, Appellee,**

**Maurice C. Feiger, Defendant, Appellant.**

**Nos. 90–1798, 91–1277.**

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1991.

Decided Jan. 9, 1992.

---

Harold E. Krause, for defendant, appellant, third-party defendant.

Richard D. Boriskin with whom Markoff & Boriskin was on brief, for defendant, appellee, third-party plaintiff.

Before TORRUELLA, Circuit Judge, TIMBERS, Senior Circuit Judge,* and CYR, Circuit Judge.

CYR, Circuit Judge.

This appeal concerns the validity of a default judgment entered by the district court notwithstanding a defect in the service of process which allegedly deprived the court of personal jurisdiction over the defendant-appellant. Precision Etchings & Findings, Inc. brought the present action in the United States District Court for the District of Rhode Island against LGP Gem, Ltd. ("LGP"). LGP filed a third party complaint against defendant-appellant Maurice Feiger. The third party complaint and summons were addressed to Feiger by certified mail, return receipt requested, at a Brooklyn, New York, street address, rather than to the particular apartment in which Feiger resided. The return receipt indicates that service was made upon an occupant of another apartment in the same apartment building. Default was entered against Feiger in April 1990, after he failed to answer LGP's complaint.

On June 4, 1990, Feiger's New York counsel filed a motion to vacate the default, alleging insufficient service of process. Al-

* Of the Second Circuit, sitting by designation.

though New York counsel attempted to appear in behalf of Feiger before the United States Magistrate Judge at the June 4 hearing on LGP's claim for damages, he was not permitted to do so because Feiger had not retained local counsel as required by Rhode Island Local Rule 5(b). Without addressing Feiger's motion to set aside the default, the magistrate judge made proposed findings of fact and recommended the entry of a default judgment against Feiger. The district court adopted the proposed findings and the disposition recommended by the magistrate judge. Neither the magistrate judge nor the district court addressed Feiger's June 4 motion to set aside the default on the ground of insufficient service of process.

On July 26, 1990, Feiger moved to vacate the default judgment, once again on the ground that he had never been properly served with process. Following a hearing, the motion to vacate was denied by the magistrate judge on the ground that Feiger "had sufficient and timely knowledge of the Third Party Complaint filed against him." Feiger promptly filed objections to the magistrate judge's recommended findings and disposition submitted by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B).

The district court determined that Feiger had actual notice of the third party complaint, notwithstanding the fact that the return receipt evidencing service of the summons and third party complaint appeared to have been signed by an occupant of another apartment in the three-apartment building where Feiger resided. The district court accepted the magistrate judge's recommendation and denied the motion to vacate the default judgment, apparently on the basis that actual notice provided a sufficient basis for the exercise of personal jurisdiction over Feiger.[1] Finally, the district court denied Feiger's post-judgment motion to set aside the default judgment and Feiger appealed.

▮▮▮ A default judgment entered by a court which lacks jurisdiction over the per-

son of the defendant is void, *General Contracting & Trading Co. v. Interpole, Inc.,* 940 F.2d 20, 21 n. 1 (1st Cir.1991), and may be set aside *at any time* pursuant to Fed. R.Civ.P. 60(b)(4). *See generally* 11 C. Wright & A. Miller, *Federal Practice & Procedure,* § 2862 (1973). Personal jurisdiction is established either by proper service of process, *see, e.g., Jardines Bacata, Ltd. v. Diaz–Marquez,* 878 F.2d 1555, 1559 (1st Cir.1989) ("[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"), or by the defendant's waiver of any defect in the service of process, *see, e.g., General Contracting & Trading Co.,* 940 F.2d at 22 (personal jurisdiction may be acquired by consent or implied from conduct).

LGP elected to attempt service of process upon Feiger pursuant to Fed.R.Civ.P. 4(c)(2)(C), in accordance with "the law of the State in which the district court is held." In this case, Rhode Island District Court Rule of Civil Procedure 4(d)(1), which is based on Fed.R.Civ.P. 4(d)(1), *see Plushner v. Mills,* 429 A.2d 444, 445 (R.I.1981), required service:

> [u]pon an individual other than an incompetent person by delivering a copy of the summons and complaint to him *personally or* by leaving copies thereof *at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein ...*

Dist.R.Civ.P. 4(d)(1) (emphasis added).

▮▮ The Rhode Island service of process requirements were not met in the instant case since the return receipt indicates that the summons and complaint were neither delivered to Feiger "personally" nor "at his dwelling house or usual place of abode." *Id.* Instead, as the district court noted, the return receipt indicates, at best, that the summons and complaint were delivered to an occupant of a different apartment at the same street address where Feiger's apartment is located. LGP contends, nonetheless, that actual notice of the third party action was sufficient under Rhode Island

---

**1.** Neither the magistrate judge nor the district court discussed the legal requirements of service of process.

law to support the district court's exercise of personal jurisdiction over Feiger. The precise issue presented appears not to have been addressed by the Rhode Island courts.

The Supreme Court of Rhode Island has "emphasized the principle that legislative enactments relating to service of process are to be followed and construed strictly, since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." *Plushner*, 429 A.2d at 445–446, quoting *Barthlein v. Ellis*, 112 R.I. 646, 314 A.2d 426, 427 (1974). "In construing [service of process] rules it has been [the Rhode Island] practice to look for guidance in the precedents of the federal courts, upon whose rules those of the [Rhode Island courts] are closely patterned." *Id.* at 446, quoting *Nocera v. Lembo*, 111 R.I. 17, 298 A.2d 800, 803 (1973). When the defendant has received actual notice of the action, the Rhode Island courts, in conformity with the federal practice, have determined that service of process requirements are to be "broadly interpreted," *id.* (citing federal cases), provided the interpretation is "a natural rather than an artificial one...." *Id.* quoting *Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144, 145 (D.Ariz.1970).

Neither federal precedent nor Rhode Island caselaw supports LGP's contention that actual notice of the filing of the third party complaint was sufficient to confer personal jurisdiction in these circumstances. The federal courts have made it abundantly clear that actual notice itself, without more, is insufficient to satisfy the requirements of Fed.R.Civ.P. 4(d)(1). *See, e.g., Echevarria–Gonzalez v. Gonzalez–Chapel*, 849 F.2d 24, 28 (1st Cir.1988) ("[a]ctual notice and simply naming the person in the caption of the complaint is insufficient to subject a defendant to the jurisdiction of the district court"); *see also Mid–Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir.1991) (citing cases). Although "minor" *formal* defects are excusable provided actual notice has been accomplished, *see, e.g., Sanderford v. Prudential Ins. Co.*, 902 F.2d 897, 899 (11th Cir.1990) (district court not

deprived of *in personam* jurisdiction by failure to include return date for responsive pleading in *duly served* summons), the rule nevertheless must be accorded at least substantial compliance, *see, e.g., Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987) (requiring "substantial compliance" with rule 4(d)(1)); *Zuckerman v. McCulley*, 7 F.R.D. 739, 741 (E.D.Mo.1947) ("[a]s we read the cases, substantial compliance with the Rules prescribing *manner of service* is required") (emphasis added) (service on janitor of building in which defendant resided not substantial compliance). It has been held directly that delivery of process to a different apartment in the same building is not sufficient service. *Di Leo v. Shin Shu*, 30 F.R.D. 56 (S.D.N.Y. 1961) (service on daughter of defendant who resided in separate apartment not sufficient).

Neither the cases cited by LGP, nor any we have discovered, indicate that actual notice would suffice to cure the defect in the manner of service effected on Feiger. In *Plushner v. Mills*, 429 A.2d at 446, the Rhode Island Supreme Court found that "actual notice" constituted substantial compliance where service of process was effected by delivery to defendant's daughter while she was *at the defendant's residence,* even though the daughter maintained a separate residence at the time. The court noted that the daughter possessed a key to the defendant's residence and had been placed in charge of the dwelling during her father's absence. *Id.* Since the court found that the daughter, therefore, was a "trusted *member of defendant's household* and that a substantial nexus existed between her and the defendant," it decided that she "could be considered to be 'residing therein' under a broad interpretation of Rule 4(d)(1), and such an interpretation is allowed when defendant receives actual notice." *Id.* (emphasis added). The undeveloped record in the instant case, on the other hand, simply cannot support a similarly "broad interpretation," since no evidence was presented that the person to whom process was delivered was a member of Feiger's household,

his landlord, or a person having any "substantial connection" with him.[2]

Federal precedent and Rhode Island caselaw indicate only that the specific rules governing the precise manner of effecting service of process are to be given "broad interpretation" when the defendant has received "actual notice." Neither source of authority suggests that "actual notice" itself suffices, absent substantial compliance with the manner of service prescribed by rule. The present record does not enable a determination that there was substantial compliance with rule 4(d)(1). Therefore, unless Feiger waived any defect in the service of process, the case must be remanded for further factfinding bearing on the issue of substantial compliance.

■ Unlike the absence of subject matter jurisdiction, the defense of lack of personal jurisdiction may be waived by express submission, conduct, or failure to assert the defense. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 154–55, 84 L.Ed. 167 (1939); *General Contracting & Trading Co.*, 940 F.2d at 22; *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 996 (1st Cir. 1983). As Feiger assiduously attempted to assert the defense before the district court, we find no waiver.

Feiger first raised the defense by motion on June 4, 1990, the day of the scheduled hearing on LGP's claim for damages, thereby precluding waiver under Fed.R.Civ.P. 12(h)(1). *See Rogue v. United States*, 857 F.2d 20, 21 (1st Cir.1988); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983). At no time did Feiger expressly submit to the exercise of jurisdiction by the district court. Moreover, Feiger's conduct did not constitute participation in, or encouragement of, the district court proceedings so as to amount to waiver by conduct. *See United States use of Combustion Systems Sales, Inc. v. Eastern Metal Products & Fabricators, Inc.*, 112 F.R.D. 685, 687 (M.D.N.C.1986) (collecting cases and concluding that though cases present "markedly different situations, [they] have the common factors of dilatoriness and participation in, or encouragement of, judicial proceedings"); *see also General Contracting & Trading Co.*, 940 F.2d at 22 (collecting cases). Feiger did not participate in any hearing,[3] *see e.g., Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543, 547 (3d Cir.1967) (finding waiver where defendant attended preliminary injunction hearing), seek affirmative relief, *see, e.g., General Contracting & Trading Co.*, 940 F.2d at 23–24 (bringing independent action arising out of same transactional core constitutes implied submission), or lend an appearance of submission through extended inaction, *see, e.g., Marcial Ucin*, 723 F.2d at 997 (waiver found after defendant filed appearance, attended depositions, and waited four years before raising defense).

■ Feiger justly cannot be deemed to have submitted to the jurisdiction of the district court by filing objections to the magistrate judge's proposed findings and

---

**2.** Moreover, the *Plushner* court relied in part on a federal case, *Nowell v. Nowell*, 384 F.2d 951 (5th Cir.1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968), which held that the federal service of process rule was satisfied by service upon the defendant's landlady, due to the "substantial nexus" between landlord and tenant. In *Plushner*, the Rhode Island Supreme Court explicitly called attention to the fact that *Nowell* had distinguished between service upon the landlord and "service upon a neighboring tenant ... [because] the substantial nexus that exists between tenant and landlord does not exist between tenants themselves." *Plushner*, 429 A.2d at 446, quoting *Nowell*, 384 F.2d at 953.

Similarly, *Lavey v. Lavey*, 551 A.2d 692 (R.I. 1988), another case in which the defendant was found to have had "actual notice" of the lawsuit, provides no support for LGP's position. The *Lavey* court found that a residence, at which the defendant had dinner daily and occasionally showered, watched television and picked up mail, could be included within a broad interpretation of "dwelling house or ... usual place of abode...." *Id.* at 694–695. The present record is insufficiently developed to support such a finding.

**3.** Feiger's unsuccessful attempt to participate in the June 4 hearing on LGP's claim for damages was not a waiver, since New York counsel stated explicitly that he intended to challenge the sufficiency of service of process at the hearing. *See Marcial Ucin*, 723 F.2d at 997 ("general appearance by a defendant does not constitute a waiver of the defense of lack of jurisdiction over the person").

**26**

recommended disposition as was required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b) in order to preserve his right to *de novo* review of the recommended disposition. The magistrate judge did not address Feiger's specific challenge to the sufficiency of service of process, nor determine the manner of service sufficient under Rhode Island law. Thus, Feiger surely would have been found to have waived the right to *de novo* review by the district court had he not objected to the recommended disposition as required by section 636(b)(1) and rule 72(b). *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). In these circumstances, Feiger's objections impliedly reaffirmed his consistent opposition to the district court's exercise of personal jurisdiction before the magistrate judge.[4] It would represent a distortion of the waiver doctrine to construe Feiger's objections to the proposed findings and recommended disposition as a waiver of the right to contest personal jurisdiction, especially since Feiger vigorously pursued the service of process issue before the magistrate judge from the outset and the magistrate judge made no specific finding that the manner of service effected on Feiger was sufficient. Rather, by raising the service of process issue in the June 4 and July 26 motions filed with the magistrate judge and again in his post-judgment motion to the district court under rule 60(b)(4), Feiger promptly, plainly and consistently preserved his personal jurisdiction defense based on defective service of process.

*The default judgment is vacated and the case is remanded to the district court for further proceedings consistent with this opinion; costs to appellant.*

---

4. When Feiger filed objections to the magistrate judge's proposed findings and recommended disposition, he requested that the district court "conduct a new hearing with all parties present and represented so that the facts in this very complicated commercial transaction can be brought before the Court and an appropriate decision made." In the circumstances of the present case, Feiger's statement did not "unequivocally show an intention to submit to the district court's jurisdiction." *Jardines Bacata, Ltd.*, 878 F.2d at 1559 (waiver of right to challenge personal jurisdiction may be found only if there is no other reasonable explanation of the conduct). On June 4, Feiger had challenged the sufficiency of service of process; he reasserted the same defense on July 26. There was no unequivocal showing of an intention to submit to the jurisdiction of the district court.