SALMANOVITZ *v.* DEXTER-DAVISON MARKETS, INC.

1. PROCESS—SERVICE—BAILIFF—POWERS.

A bailiff is empowered to serve only those processes received from a county circuit court commissioner; any service of process unconnected with the commissioner is beyond the bailiff's statutory duty (MCLA § 600.1074).

2. PROCESS—BAILIFF—STATUTE OF LIMITATIONS.

A bailiff may accept and serve papers not connected with the circuit court commissioner but in so doing he acts as an ordinary citizen and cannot be considered an officer of the court for the purpose of tolling the statute of limitations for 90 days (MCLA § 600.5856).

3. PROCESS—BAILIFF—JURISDICTION—STATUTE OF LIMITATIONS.

A bailiff cannot properly serve papers in a county other than his own so as to toll the statute of limitations.

Appeal from Wayne; John B. Swainson, J. Submitted Division 1 May 6, 1969, at Detroit (Docket No. 4,762.) Decided May 27, 1969.

Complaint by Sarah Salmanovitz against Dexter-Davison Markets, Inc., a Michigan corporation, for injuries sustained on defendant's premises. Defendant moves to quash service and for summary judgment. Motions denied. Defendant appeals. Reversed.

*Sallen, Gutter & Sallen,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 42 Am Jur, Process §§ 24, 25.

*Gussin, Weinstein & Kroll (Arnold M. Gordon,* of counsel), for defendant.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. On April 7, 1963, plaintiff sustained an injury while on defendant's premises. A negligence action was commenced on April 4, 1966, three days before the statute of limitations had run. The summons and complaint were turned over to Robert Easton, bailiff for the Wayne county circuit court commissioners. *In personam* service was made and defendant notified in Oakland county on July 2, 1966. Upon actual receipt of service, defendant filed a motion to quash service and for summary judgment, stating that the statute of limitations had run. From a denial of this motion defendant appeals.

A careful analysis of CLS 1961, § 600.1074 (Stat Ann 1962 Rev § 27A.1074) indicates that a commissioner's bailiff has a very limited scope of authority. MCLA § 600.1074 states in part that:

"The bailiff shall possess only the powers necessary in the service and execution of process issued by the circuit court commissioners *of the county."* (Emphasis added.)

Reasonable interpretation of the above-quoted statute leads to the conclusion that unless process issues from, and is given to the bailiff, by the circuit court commissioner of the county, his power as an officer of the court to serve process is curtailed. Any service of process unconnected with the commissioner is beyond the bailiff's official statutory power. When he accepts papers to be served from another person or entity not connected with the commissioner, the bailiff acts as an ordinary citizen or layman. As such, he is able to serve process on his own, but he

cannot be considered an *officer of the court for immediate service* which would toll the statute of limitations for 90 days under CLS 1961, § 600.5856 (Stat Ann 1962 Rev § 27A.5856[3]).

Further, even ignoring the above reasoning, Easton as a Wayne county bailiff could not have properly served the papers in Oakland county so as to toll the statute. See *Whitehead* v. *Van Buren Circuit Judge* (1922), 220 Mich 504; *Higgens* v. *Hampshire Products, Inc.* (1948), 319 Mich 674, 676, SHARPE, J. (dissenting in part).

Judgment reversed.