Richard P. ADAMS, Plaintiff,

v.

SCHOOL BOARD OF WYOMING VAL-LEY WEST SCHOOL DISTRICT, Defendant.

Civ. A. No. 71-170.

United States District Court,
M. D. Pennsylvania.

Aug. 16, 1971.

See also, 332 F.Supp. 982.

Michael J. Lewis, Jr., Wilkes-Barre, Pa., for plaintiff.

John W. Bour, Scranton, Pa., for defendant.

## OPINION

MUIR, District Judge.

This is a civil rights action brought by a resident and taxpayer of the Wyoming Valley West School District seeking injunctive relief with respect to the composition of the Wyoming Valley West School Board. Plaintiff alleges that the District has been divided into nine regions, with each region electing one member of the Board, and that the regions are grossly disproportionate in population, thereby depriving him of an equal vote in the election of school directors.

The Defendant has moved pursuant to Rule 12(b) (1), 12(b) (2), 12(b) (5), 12(b) (6) and 12(b) (7) to dismiss the complaint for lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of service of process, failure to state a claim upon which relief can be granted and failure to join a party under Rule 19.

## JURISDICTION

Plaintiff in his complaint, in his brief opposing the motion to dismiss, and at oral argument has assumed that the defendant in this action is the Wyoming Valley West School Board and its individual members in their representative capacity. The caption does not list the individual school board members as defendants.

Apparently, as the special instructions on the summons indicate, plaintiff's attorney directed that service of the complaint be made on the School Board Secretary for the purpose of serving not only the School Board but the individual members as well. The United States Marshal's return shows that the Deputy Marshal served one "Mrs. Green Board Secretary" with the complaint. The uncontested affidavit of Edward J. Fataich-er, President of the Board of School Directors of the Wyoming Valley West School District indicates that the Board has never had a secretary named "Mrs. Green". Affiant states that at all times relevant to this cause, the secretary of the Wyoming Valley West School District has been Brucille Blackman.

It cannot be disputed that both the Wyoming Valley West School Board and its individual members have at all times had actual notice of this action.

■ In construing Rule 4(d) (1) of the Federal Rules of Civil Procedure, the courts have broadly interpreted its provisions where the defendant or defendants have received actual notice of the suit. Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967). Accordingly, it is my view that there has been service on the Wyoming Valley West School Board.

■ Rule 10(a), Fed.R.Civ.P. specifies that the caption in a complaint *shall* include the names of *all parties*. Only one party is named in the caption of this complaint. Since I do not believe that individuals should have to speculate as to whether or not they are parties to a law suit, it is my conclusion that only the Wyoming Valley West School Board is a defendant in this suit.

Although the complaint fails to set forth a specific jurisdictional basis for this action, it is the opinion of the court that jurisdiction exists under the provisions of 42 U.S.C. § 1983 and its corollary 28 U.S.C. § 1343(3). See also Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L. Ed.2d 663 (1962).

Defendant claims that the action must be dismissed since it is not a "person" within the meaning of 42 U.S.C. § 1983 which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ The specific issue was answered by the United States Court of Appeals for the Fifth Circuit in Harkless v. Sweeny Independent School District, 427 F.2d 319, 323 (1970). The court held that where, as here, equitable relief is sought, a school district is a "person" under Section 1983. See also Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969). Perceiving no meaningful difference between a School Board and a School District, it is my view that in this action, the defendant is a "person" within the meaning of the statute.

## FAILURE TO STATE A CLAIM: APPLICABILITY OF ABSTENTION DOCTRINE

Defendant contends that the complaint fails to state a claim upon which relief can be granted since plaintiff has not attempted to litigate the issue in the Courts of Pennsylvania. Tied to this argument is the corollary contention that even assuming that the complaint states a cause of action, this court should abstain from accepting jurisdiction of the action until the plaintiff has litigated the issue in the Courts of Pennsylvania. In this regard we note that the Pennsylvania Public School Code of 1949 as amended by the School District Reorganization Act of 1963, provides that the division of the School District into Regions must be approved by the Court of Quarter Sessions of the county where the school district is located. 24 P.S. § 3–303(b). The present division, which is the basis of this action, was approved by the Luzerne County Court of Quarter Sessions of Luzerne County on February 9, 1967.

■ In Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), the Supreme Court, in interpreting the nature of the § 1983 remedy,

ruled that " * * * The federal remedy is supplementary to the State remedy, and the latter need not be first sought and refused before the federal one is invoked". See also Basista v. Weir, 340 F.2d 74 (3d Cir. 1965). It is thus clear that the plaintiff need not exhaust his state judicial remedies before turning to the federal forum for relief. Nor, in my view, is this a proper case for the application of the doctrine of abstention. McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) is applicable to the facts of this case. There, the petitioners were Negro students enrolled in an Illinois public school. They brought suit in a Federal District Court under 42 U.S.C. § 1983 alleging that at the particular school they attended, Negro students were forced to attend segregated classes and were compelled to use entrances and exits separate from the whites. There were provisions under Illinois law which seemed to provide a remedy, although the court was not convinced as to the clarity or availability of the remedy. Mr. Justice Douglas, writing for the majority of the court ruled:

Where strands of local law are woven into the case that is before the federal court, we have directed a District Court to refrain temporarily from exercising its jurisdiction until a suit could be brought in the state court. (Citations omitted). Thus we have stayed the hands of a Federal District Court when it sought to enjoin enforcement of a state administrative order enforcing state law, since any federal question could be reviewed when the cases came here through the hierarchy of state courts. (Citation omitted). The variations on the theme have been numerous.

We have, however, in the present case no underlying issue of state law controlling this litigation. The right alleged is as plainly federal in origin and nature as those vindicated in Brown v. Board of Education, 347 U.S.

483 [74 S.Ct. 686, 98 L.Ed. 873]. Nor is the federal right in any way entangled in a skein of state law that must be untangled before the federal case can proceed. *Id.* 373 U.S. 673–674, 83 S.Ct. 1436–1437.

That a substantial federal question is presented by the complaint in this case can hardly be disputed. Last year in Hadley v. Junior College District, 397 U.S. 50, 54, 90 S.Ct. 791, 25 L.Ed.2d 45, the court indicated that the right to vote in an election is protected against dilution or debasement by the Equal Protection Clause of the Fourteenth Amendment. Since the application of that federal right is in no way "entangled in a skein of state law", there is no reason why this case should not proceed to a resolution on the merits.

■ The School Board under the statute is responsible for dividing the School District into regions for voting purposes. The Board thus is the indispensable party.

I find that the Wyoming Valley West School District is not an indispensable party to this action.

An appropriate order will be entered.