314 A.2d 426.

ARLINE BARTHLEIN *vs.* JAMES E. ELLIS.

JANUARY 25, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This civil action was instituted in the District Court for the First Division. The litigants live in East Providence and are next-door neighbors. The plaintiff seeks recovery from the defendant due to property damage she has sustained as the result of the willful and malicious acts of the defendant's minor son. A default judgment in the amount of $250 together with interest and costs was entered. The defendant first sought to vacate the judgment after he was served with a citation to appear before the District Court on supplementary proceedings. He filed a motion to vacate on the grounds that he had not been served with process. This motion was denied and the motion presently under review was then filed. Thereafter the defendant sought to remove the default on the ground that the judgment was void because of a lack of authority in the constable who served the summons and complaint.

Suit was commenced in May, 1970. In her complaint, plaintiff declared that she sought judgment in "the sum of One Thousand ($1,000.00) Dollars, plus interest, costs and punitive damages." In challenging the validity of service, defendant directs our attention to various portions of G. L. 1956 (1969 Reenactment) §9-5-10. In essence, it provides that the writs and summonses served by the District Court will be served by the sheriff, his deputies, the town sergeants or the constables of the county in which the action had been brought. This section also specifies that in actions where the debt or damages demanded ex-

ceed $1,000, the initial process, with few exceptions, shall be served by the sheriff or his deputies.[1]

The Superior Court justice in denying defendant's appeal observed that, since the statute[2] which allows recovery from the parent for the willful and malicious torts of an unemancipated minor limits the recovery to $250, the District Court had jurisdiction[3] to entertain plaintiff's suit. The plaintiff has also argued at great length as to the District Court's inability to render a judgment in excess of the statutory maximum of $250. In making these observations, the Superior Court justice and plaintiff both lose sight of the fact that defendant was challenging the process server's power, not the District Court's.

We have in the past emphasized the principle that legislative enactments relating to service of process are to be followed and construed strictly, since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made. *Shannon* v. *Norman Block, Inc.,* 106 R. I. 124, 256 A.2d 214 (1969); *Geyer* v. *Callan Constr. Co.,* 81 R. I. 247, 101 A.2d 876 (1954); *Home Savings Bank* v. *Rolando,* 57 R. I. 205, 189 A. 27 (1937).

We think it obvious that the constable was employed to serve process in an action where the damages *demanded* did indeed exceed $1,000. It is our belief that "proper service of process" means service by the method set forth in the pertinent statute and by a person duly authorized to make the service. *Merriott* v. *Whitsell,* 251 Ark. 1031,

---

[1]Since the time this litigation began, the General Assembly has amended G. L. 1956 (1969 Reenactment) §9-5-10 so that today a constable can serve process initiating an action where the damages sought can be as much as $5,000.

[2]General Laws 1956 (1969 Reenactment) §9-1-3.

[3]The Judicial Reorganization Act of 1969 increased the maximum amount of the District Court's civil jurisdiction from $1,000 to $5,000. Public Laws 1969, ch. 239, sec. 4.

476 S.W.2d 230 (1972); *Salmanovitz* v. *Dexter-Davison Markets, Inc.*, 17 Mich.App. 390, 169 N.W.2d 516 (1969); *Gates* v. *Gates*, 120 Vt. 505, 144 A.2d 782 (1958).

Proper service not having been made, the District Court never acquired jurisdiction so as to render judgment in this matter.

The defendant's appeal is sustained. The judgment appealed from is vacated. The case is remanded to the Superior Court for entry of judgment vacating the award judgment entered in the District Court.

*Gladstone & Zarlenga, B. Lucius Zarlenga,* for plaintiff.

*Albert D. Saunders, Jr.,* for defendant.