Rubin PLUSHNER

v.

Sanford MILLS.

No. 79–84–Appeal.

Supreme Court of Rhode Island.

May 5, 1981.

Stephen A. Gordon, Ltd., Stephen A. Gordon and Frederick W. Stolle, Jr., Warwick, for plaintiff.

Smith & Smith, Incorporated, Z. Hershel Smith, Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a judgment in a civil action in the Superior Court for monies paid by the plaintiff as a guarantor of a loan taken by the defendant. The civil action was instituted in the District Court for the Third Division. The defendant

moved to dismiss on the ground that the court lacked jurisdiction over his person because of the plaintiff's failure to serve him with process in the manner provided by Rule 4(d)(1) of the District Court Rules of Civil Procedure. The motion was passed, and after trial, judgment was entered for the plaintiff. The defendant appealed to the Superior Court. The trial justice also found that service was valid and after trial de novo, judgment was entered for the plaintiff.

On October 7, 1975, a deputy sheriff went to defendant's residence in Warwick to serve him with process. The defendant was not at home, but the deputy sheriff saw defendant's daughter emerge from the house. The daughter was apparently not living with defendant at that time, and she testified that she made this clear to the deputy sheriff. However, the deputy sheriff testified that he did not remember such a conversation. The record further indicates that defendant's daughter had a key to his house and could come and go as she pleased. During her father's absence, she had been put in charge of the house and on this particular day she was taking care of the family dog.

The deputy sheriff approached defendant's daughter and attempted to serve her with a summons and a copy of plaintiff's complaint. He testified that he put the papers into her hand but that she dropped them to the ground and kicked them toward the street. The deputy sheriff then got into his automobile and began to drive around the neighborhood. The defendant's daughter left the papers and also began to drive around the neighborhood. Eventually it became apparent to defendant's daughter

that the deputy sheriff was not planning to retrieve the summons and the complaint. She went back to the house and picked up the papers. The deputy sheriff, using his rearview mirror, witnessed the daughter picking up the papers she had originally refused to accept.

The daughter brought the summons and the complaint home and eventually took these papers to her father's attorney. During her testimony, it was stipulated that the summons and complaint were actually delivered to the attorney within twenty-four hours of the above service.

The defendant does not claim that he was in any way prejudiced, that he lacked actual notice of the proceeding, or that he failed to receive the papers in ample time to defend. He simply contends that since his daughter did not actually reside with him when service was made upon her, the service was improper.

The issue before us is whether the effected service in this case complies with the requirements of Rule 4(d)(1) of Dist.R. Civ.P.

Rule 4(d)(1) of Dist.R.Civ.P. allows for service "by leaving [a copy of the summons and complaint] at his dwelling house or usual place of abode with some person of suitable age and discretion then *residing therein * * *.*"  (Emphasis added).[1] To date, we have never had occasion to construe the phrase "then residing therein."

"We have in the past emphasized the principle that legislative enactments relating to service of process are to be followed and construed strictly, since jurisdiction of the court over the person of the defendant

---

1. District Court Rule of Civil Procedure 4(d)(1) and Superior Court Rule of Civil Procedure 4(d)(1) contain the same language. Both rules were based on Federal Rule of Civil Procedure 4(d)(1).

Rule 4(d)(1) of Dist.R.Civ.P. states:
" * * *

(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an incompetent person by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, provided that if the agent is one designated by statute to receive service, such further notice as the statute requires shall be given."

is dependent upon proper service having been made." *Barthlein v. Ellis*, 112 R.I. 646, 648, 314 A.2d 426, 427 (1974). However, "[i]n construing the [court] rules it has been our practice to look for guidance in the precedents of the federal courts, upon whose rules those of the [court] are closely patterned." *Nocera v. Lembo*, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973).

"In construing Rule 4(d)(1) of the Federal Rules of Civil Procedure, the courts have broadly interpreted its provisions where the defendant or defendants have received actual notice of the suit." *Adams v. School Board of Wyoming Valley West Sch. Dist.*, 53 F.R.D. 267, 268 (1971); *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967), *cert. denied*, 390 U.S. 956, 88 S.Ct. 1053, 19 L.Ed.2d 1150 (1968). The federal courts have further indicated that "[t]he construction of the statutory language must be a natural rather than an artificial one * * * [and that] in the final analysis each case must turn upon its own factual situation." *Blackhawk Heating & Plumbing Co. v. Turner*, 50 F.R.D. 144, 145 (1970). Accordingly, following these principles, we must scrutinize the factual situation in detail.

The fact that the summons and the complaint dropped to the ground and were kicked by defendant's daughter is not relevant here. What does concern us is that actual notice was received by both defendant and his attorney shortly after the original service and that defendant was not prejudiced by this method of service. We also note that if service had been made upon defendant's daughter at a time when she had no other residence than defendant's abode, she would have been considered a trusted member of his household. At that time, a substantial nexus existed between defendant and his daughter and it could properly be assumed that she would convey the process to him. She would have been considered a person "residing therein" under a strict reading of Rule 4(d)(1).

The defendant's daughter now has a separate residence. However, there is nothing in the record to indicate that she had lost her status as a trusted member of the household or that the substantial nexus between defendant and his daughter has in any way been impaired. The facts clearly indicate that she was placed in charge of the dwelling in her father's absence. Further, it is apparent that she was still considered a trusted member of defendant's household because she had a key and could come and go as she pleased. Finally, on the day process was served she was at defendant's house on family business.

In keeping with their approach of broad construction of Rule 4(d)(1) upon actual notice, the federal courts have held that a defendant's daughter who was visiting her Georgia home from college in Tennessee was in fact a person "then residing" at her parent's residence. *M. Lowenstein & Sons, Inc. v. Austin*, 430 F.Supp. 844 (S.D.N.Y. 1977).[2] The courts have also found Rule 4(d)(1) to have been complied with where service was made upon a defendant's landlady who resided in a separate apartment building than defendant. *Nowell v. Nowell*, 384 F.2d 951 (5th Cir. 1967). The court distinguished this situation from service upon a neighboring tenant by stating "that the substantial nexus that exists between tenant and landlord does not exist between tenants themselves." *Id.* at 953.

We find that defendant's daughter was in fact a trusted member of defendant's household and that a substantial nexus existed between her and defendant. The defendant's daughter could be considered to be "residing therein" under a broad interpretation of Rule 4(d)(1), and such an interpretation is allowed when defendant receives actual notice.

The deputy sheriff, in good faith, served the defendant's daughter as a member of the defendant's household. Under the circumstances in this case, such service was proper. It was "reasonably calculated to give [defendant] knowledge of the proceedings and an opportunity to be heard." *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir.

---

**2.** The court here noted that Rule 4(d)(1) is broad enough to include a student returning home from college to stay at least overnight at her parent's residence.

1972) (quoting *NLRB v. O'Keefe & Merritt Mfg. Co.*, 178 F.2d 445 (9th Cir. 1949)).

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

SHEA, J., did not participate.