USCA1 Opinion

 

 ____________________ ____________________ No. 90-1798 No. 90-1798 PRECISION ETCHINGS & FINDINGS, INC., PRECISION ETCHINGS & FINDINGS, INC., Plaintiff, Appellee, Plaintiff, Appellee, v. v. LGP GEM, LTD., LGP GEM, LTD., Defendant, Appellee, Defendant, Appellee, ______ MAURICE C. FEIGER, MAURICE C. FEIGER, Defendant, Appellant. Defendant, Appellant. ____________________ ____________________ No. 91-1277 No. 91-1277 PRECISION ETCHINGS & FINDINGS, INC., PRECISION ETCHINGS & FINDINGS, INC., Plaintiff, Appellee, Plaintiff, Appellee, v. v. LGP GEM, LTD., LGP GEM, LTD., Defendant, Appellee, Defendant, Appellee, ______ MAURICE C. FEIGER, MAURICE C. FEIGER, Defendant, Appellant. Defendant, Appellant. ____________________ ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ ____________________ Before Before Torruella, Circuit Judge, Torruella, Circuit Judge, _____________ Timbers, Senior Circuit Judge,* Timbers, Senior Circuit Judge,* ____________________ and Cyr, Circuit Judge. and Cyr, Circuit Judge. _____________ ____________________ ____________________ Harold E. Krause for appellant, third-party defendant. Harold E. Krause for appellant, third-party defendant. ________________ Richard D. Boriskin with whom Markoff & Boriskin was on brief for Richard D. Boriskin with whom Markoff & Boriskin was on brief for ___________________ __________________ appellee, third-party plaintiff. appellee, third-party plaintiff. ____________________ ____________________ ____________________ ____________________ *Of the Second Circuit, sitting by designation. *Of the Second Circuit, sitting by designation. CYR, Circuit Judge. This appeal concerns the validity of a CYR, Circuit Judge. _____________ default judgment entered by the district court notwithstanding a defect in the service of process which allegedly deprived the court of personal jurisdiction over the defendant-appellant. Precision Etch- ings & Findings, Inc. brought the present action in the United States District Court for the District of Rhode Island against LGP Gem, Ltd. ("LGP"). LGP filed a third party complaint against defendant-appel- lant Maurice Feiger. The third party complaint and summons were addressed to Feiger by certified mail, return receipt requested, at a Brooklyn, New York, street address, rather than to the particular apartment in which Feiger resided. The return receipt indicates that service was made upon an occupant of another apartment in the same apartment building. Default was entered against Feiger in April 1990, after he failed to answer LGP's complaint. On June 4, 1990, Feiger's New York counsel filed a motion to vacate the default, alleging insufficient service of process. Al- though New York counsel attempted to appear in behalf of Feiger before the United States Magistrate Judge at the June 4 hearing on LGP's claim for damages, he was not permitted to do so because Feiger had not retained local counsel as required by Rhode Island Local Rule 5(b). Without addressing Feiger's motion to set aside the default, the magistrate judge made proposed findings of fact and recommended the entry of a default judgment against Feiger. The district court adopted the proposed findings and the disposition recommended by the 3 magistrate judge. Neither the magistrate judge nor the district court addressed Feiger's June 4 motion to set aside the default on the ground of insufficient service of process. On July 26, 1990, Feiger moved to vacate the default judgment, once again on the ground that he had never been properly served with process. Following a hearing, the motion to vacate was denied by the magistrate judge on the ground that Feiger "had sufficient and timely knowledge of the Third Party Complaint filed against him." Feiger promptly filed objections to the magistrate judge's recommended findings and disposition submitted by the magistrate judge. See 28 ___ U.S.C. 636(b) (1)(B). The district court determined that Feiger had actual notice of the third party complaint, notwithstanding the fact that the return receipt evidencing service of the summons and third party complaint appeared to have been signed by an occupant of another apartment in the three-apartment building where Feiger resided. The district court accepted the magistrate judge's recommendation and denied the motion to vacate the default judgment, apparently on the basis that actual notice provided a sufficient basis for the exercise of personal jurisdiction over Feiger.* Finally, the district court denied Feiger- 's postjudgment motion to set aside the default judgment and Feiger appealed. ____________________ *Neither the magistrate judge nor the district court discussed the *Neither the magistrate judge nor the district court discussed the legal requirements of service of process. legal requirements of service of process. 4 A default judgment entered by a court which lacks jurisdiction over the person of the defendant is void, General Contracting & ______________________ Trading Co. v. Interpole, Inc., 940 F.2d 20, 21 n.1 (1st Cir. 1991), ___________ ________________ and may be set aside at any time pursuant to Fed. R. Civ. P. 60(b)(4). __ ___ ____ See generally 11 C. Wright & A. Miller, Federal Practice & Procedure, ___ _________ ____________________________ 2862 (1973). Personal jurisdiction is established either by proper service of process, see, e.g., Jardines Bacata, Ltd. v. Diaz-Marquez, ___ ____ ______________________ ____________ 878 F.2d 1555, 1559 (1st Cir. 1989) ("[i]n the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"), or by the defendant's waiver of any defect in the service of process, see, e.g., General Contracting & Trading Co., 940 ___ ____ _________________________________ F.2d at 22 (personal jurisdiction may be acquired by consent or implied from conduct). LGP elected to attempt service of process upon Feiger pursuant to Fed. R. Civ. P. 4(c)(2)(c), in accordance with "the law of the State in which the district court is held." In this case, Rhode Island District Court Rule of Civil Procedure 4(d)(1), which is based on Fed. R. Civ. P. 4(d)(1), see Plushner v. Mills, 429 A.2d 444, 445 (R.I. ___ ________ _____ 1981), required service: [u]pon an individual other than an incompetent person by delivering a copy of the summons and complaint to him person- _______ ally or by leaving copies thereof at his dwelling house or ____ __ __ ___ ________ _____ __ usual place of abode with some person of suitable age and _____ _____ __ _____ ____ ____ ______ __ ________ ___ ___ discretion then residing therein . . . __________ ____ ________ _______ Dist. R. Civ. P. 4(d)(1) (emphasis added). 5 The Rhode Island service of process requirements were not met in the instant case since the return receipt indicates that the summons and complaint were neither delivered to Feiger "personally" nor "at his dwelling house or usual place of abode." Id. Instead, as the __ district court noted, the return receipt indicates, at best, that the summons and complaint were delivered to an occupant of a different apartment at the same street address where Feiger's apartment is located. LGP contends, nonetheless, that actual notice of the third party action was sufficient under Rhode Island law to support the district court's exercise of personal jurisdiction over Feiger. The precise issue presented appears not to have been addressed by the Rhode Island courts. The Supreme Court of Rhode Island has "emphasized the principle that legislative enactments relating to service of process are to be followed and construed strictly, since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." Plushner, 429 A.2d at 445-446, quoting Barthlein v. ________ _________ Ellis, 314 A.2d 426, 427 (R.I. 1974). "In construing [service of _____ process] rules it has been [the Rhode Island] practice to look for guidance in the precedents of the federal courts, upon whose rules those of the [Rhode Island courts] are closely patterned." Id. at ___ 446, quoting Nocera v. Lembo, 298 A.2d 800, 803 (R.I. 1973). When the ______ _____ defendant has received actual notice of the action, the Rhode Island courts, in conformity with the federal practice, have determined that service of process requirements are to be "broadly interpreted," id. ___ 6 (citing federal cases), provided the interpretation is "a natural rather than an artificial one. . . ." Id. quoting Blackhawk Heating & ___ ___________________ Plumbing Co. v. Turner, 50 F.R.D. 144, 145 (D. Ariz. 1970). ____________ ______ Neither federal precedent nor Rhode Island caselaw supports LGP's contention that actual notice of the filing of the third party com- plaint was sufficient to confer personal jurisdiction in these circum- stances. The federal courts have made it abundantly clear that actual notice itself, without more, is insufficient to satisfy the require- ments of Fed. R. Civ. P. 4(d)(1). See, e.g., Echevarria-Gonzalez v. ___ ____ ___________________ Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988) ("[a]ctual notice and _______________ simply naming the person in the caption of the complaint is insuffi- cient to subject a defendant to the jurisdiction of the district court"); see also Mid-Continent Wood Products, Inc. v. Harris, 936 ___ ____ ___________________________________ ______ F.2d 297, 301 (7th Cir. 1991) (citing cases). Although "minor" formal ______ defects are excusable provided actual notice has been accomplished, see, e.g., Sanderford v. Prudential Ins. Co., 902 F.2d 897, 899 (11th ___ ____ __________ ___________________ Cir. 1990) (district court not deprived of in personam jurisdiction by __ ________ failure to include return date for responsive pleading in duly served ____ ______ summons), the rule nevertheless must be accorded at least substantial compliance, see, e.g., Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th ___ ____ ___________ _______ Cir. 1987) (requiring "substantial compliance" with rule 4(d)(1)); Zuckerman v. McCulley, 7 F.R.D. 739, 741 (E. D. Mo. 1947) ("[a]s we _________ ________ read the cases, substantial compliance with the Rules prescribing manner of service is required") (emphasis added) (service on janitor ______ __ _______ of building in which defendant resided not substantial compliance). 7 It has been held directly that delivery of process to a different apartment in the same building is not sufficient service. Di Leo v. ______ Shin Shu, 30 F.R.D. 56 (S.D.N.Y. 1961) (service on daughter of defen- ________ dant who resided in separate apartment not sufficient). Neither the cases cited by LGP, nor any we have discovered, indicate that actual notice would suffice to cure the defect in the manner of service effected on Feiger. In Plushner v. Mills, 429 A.2d ________ _____ at 446, the Rhode Island Supreme Court found that "actual notice" constituted substantial compliance where service of process was effected by delivery to defendant's daughter while she was at the __ ___ defendant's residence, even though the daughter maintained a separate ___________ _________ residence at the time. The court noted that the daughter possessed a key to the defendant's residence and had been placed in charge of the dwelling during her father's absence. Id. Since the court found that ___ the daughter, therefore, was a "trusted member of defendant's house- ______ __ ___________ ______ hold and that a substantial nexus existed between her and the defen- ____ dant," it decided that she "could be considered to be 'residing therein' under a broad interpretation of Rule 4(d)(1), and such an interpretation is allowed when defendant receives actual notice." Id. ___ (emphasis added). The undeveloped record in the instant case, on the other hand, simply cannot support a similarly "broad interpretation," since no evidence was presented that the person to whom process was 8 delivered was a member of Feiger's household, his landlord, or a person having any "substantial connection" with him.** Federal precedent and Rhode Island caselaw indicate only that the specific rules governing the precise manner of effecting service of process are to be given "broad interpretation" when the defendant has received "actual notice." Neither source of authority suggests that "actual notice" itself suffices, absent substantial compliance with the manner of service prescribed by rule. The present record does not enable a determination that there was substantial compliance with rule 4(d)(1). Therefore, unless Feiger waived any defect in the service of process, the case must be remanded for further factfinding bearing on the issue of substantial compliance. Unlike the absence of subject matter jurisdiction, the defense of lack of personal jurisdiction may be waived by express submission, ____________________ **Moreover, the Plushner court relied in part on a federal case, **Moreover, the Plushner court relied in part on a federal case, ________ Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), cert. denied, 390 U.S. Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), cert. denied, 390 U.S. ______ ______ ____ ______ 956 (1968), which held that the federal service of process rule was 956 (1968), which held that the federal service of process rule was satisfied by service upon the defendant's landlady, due to the "sub- satisfied by service upon the defendant's landlady, due to the "sub- stantial nexus" between landlord and tenant. In Plushner, the Rhode stantial nexus" between landlord and tenant. In Plushner, the Rhode ________ Island Supreme Court explicitly called attention to the fact that Island Supreme Court explicitly called attention to the fact that Nowell had distinguished between service upon the landlord and "ser- Nowell had distinguished between service upon the landlord and "ser- ______ vice upon a neighboring tenant . . . [because] the substantial nexus vice upon a neighboring tenant . . . [because] the substantial nexus that exists between tenant and landlord does not exist between tenants that exists between tenant and landlord does not exist between tenants themselves." Plushner, 429 A.2d at 446, quoting Nowell, 384 F.2d at themselves." Plushner, 429 A.2d at 446, quoting Nowell, 384 F.2d at ________ ______ 953. 953. Similarly, Lavey v. Lavey, 551 A.2d 692 (R.I. 1988), another case Similarly, Lavey v. Lavey, 551 A.2d 692 (R.I. 1988), another case _____ _____ in which the defendant was found to have had "actual notice" of the in which the defendant was found to have had "actual notice" of the lawsuit, provides no support for LGP's position. The Lavey court lawsuit, provides no support for LGP's position. The Lavey court _____ found that a residence, at which the defendant had dinner daily and found that a residence, at which the defendant had dinner daily and occasionally showered, watched television and picked up mail, could be occasionally showered, watched television and picked up mail, could be included within a broad interpretation of "dwelling house or . . . included within a broad interpretation of "dwelling house or . . . usual place of abode. . . ." Id. at 694-695. The present record is usual place of abode. . . ." Id. at 694-695. The present record is ___ insufficiently developed to support such a finding. insufficiently developed to support such a finding. 9 conduct, or failure to assert the defense. See Neirbo Co. v. Bethle- ___ __________ _______ hem Shipbuilding Corp., 308 U.S. 165, 168 (1939); General Contracting ______________________ ___________________ & Trading Co., 940 F.2d at 22; Marcial Ucin, S.A. v. SS Galicia, 723 _____________ __________________ __________ F.2d 994, 996 (1st Cir. 1983). As Feiger assiduously attempted to assert the defense before the district court, we find no waiver. Feiger first raised the defense by motion on June 4, 1990, the day of the scheduled hearing on LGP's claim for damages, thereby precluding waiver under Fed. R. Civ. P. 12(h)(1). See Roque v. United ___ _____ ______ States, 857 F.2d 20, 21 (1st Cir. 1988); Glater v. Eli Lilly & Co., ______ ______ ________________ 712 F.2d 735, 738 (1st Cir. 1983). At no time did Feiger expressly submit to the exercise of jurisdiction by the district court. More- over, Feiger's conduct did not constitute participation in, or encour- agement of, the district court proceedings so as to amount to waiver by conduct. See United States use of Combustion Systems Sales, Inc. ___ ____________________________________________________ v. Eastern Metal Products & Fabricators, Inc., 112 F.R.D. 685, 687 ____________________________________________ (M.D.N.C. 1986) (collecting cases and concluding that though cases present "markedly different situations, [they] have the common factors of dilatoriness and participation in, or encouragement of, judicial proceedings"); see also General Contracting & Trading Co., 940 F.2d at ___ ____ _________________________________ 22 (collecting cases). Feiger did not participate in any hear- ing,*** see, e.g., Wyrough & Loser, Inc. v. Pelmor Laboratories, ___ ____ _______________________ ____________________ ____________________ ***Feiger's unsuccessful attempt to participate in the June 4 hearing ***Feiger's unsuccessful attempt to participate in the June 4 hearing on LGP's claim for damages was not a waiver, since New York counsel on LGP's claim for damages was not a waiver, since New York counsel stated explicitly that he intended to challenge the sufficiency of stated explicitly that he intended to challenge the sufficiency of service of process at the hearing. See Marcial Ucin, 723 F.2d at 997 service of process at the hearing. See Marcial Ucin, 723 F.2d at 997 ___ ____________ ("general appearance by a defendant does not constitute a waiver of ("general appearance by a defendant does not constitute a waiver of the defense of lack of jurisdiction over the person"). the defense of lack of jurisdiction over the person"). 10 Inc., 376 F.2d 543, 547 (3d Cir. 1967) (finding waiver where defendant ____ attended preliminary injunction hearing), seek affirmative relief, see, e.g., General Contracting & Trading Co., 940 F.2d at 23-24 ___ ____ ____________________________________ (bringing independent action arising out of same transactional core constitutes implied submission), or lend an appearance of submission through extended inaction, see, e.g., Marcial Ucin, 723 F.2d at 997 ___ ____ ____________ (waiver found after defendant filed appearance, attended depositions, and waited four years before raising defense). Feiger justly cannot be deemed to have submitted to the jurisdic- tion of the district court by filing objections to the magistrate judge's proposed findings and recommended disposition as was required by 28 U.S.C. 636(b)(1) and Fed. R. Civ. P. 72(b) in order to pre- serve his right to de novo review of the recommended disposition. The __ ____ magistrate judge did not address Feiger's specific challenge to the sufficiency of service of process, nor determine the manner of service sufficient under Rhode Island law. Thus, Feiger surely would have been found to have waived the right to de novo review by the district __ ____ court had he not objected to the recommended disposition as required by section 636(b)(1) and rule 72(b). See Park Motor Mart, Inc. v. ___ ______________________ Ford Motor Co., 616 F.2d 603 (1st Cir. 1980). In these circumstances, ______________ Feiger's objections impliedly reaffirmed his consistent opposition to the district court's exercise of personal jurisdiction before the 11 magistrate judge.**** It would represent a distortion of the waiv- er doctrine to construe Feiger's objections to the proposed findings and recommended disposition as a waiver of the right to contest personal jurisdiction, especially since Feiger vigorously pursued the service of process issue before the magistrate judge from the outset and the magistrate judge made no specific finding that the manner of service effected on Feiger was sufficient. Rather, by raising the service of process issue in the June 4 and July 26 motions filed with the magistrate judge and again in his postjudgment motion to the district court under rule 60(b)(4), Feiger promptly, plainly and consistently preserved his personal jurisdiction defense based on defective service of process. The default judgment is vacated and the case is remanded to the __________________________________________________________________ district court for further proceedings consistent with this opinion; ______________________________________________________________________ costs to appellant. __________________ ____________________ ****When Feiger filed objections to the magistrate judge's proposed ****When Feiger filed objections to the magistrate judge's proposed findings and recommended disposition, he requested that the district findings and recommended disposition, he requested that the district court "conduct a new hearing with all parties present and represented court "conduct a new hearing with all parties present and represented so that the facts in this very complicated commercial transaction can so that the facts in this very complicated commercial transaction can be brought before the Court and an appropriate decision made." In the be brought before the Court and an appropriate decision made." In the circumstances of the present case, Feiger's statement did not "un- circumstances of the present case, Feiger's statement did not "un- equivocally show an intention to submit to the district court's equivocally show an intention to submit to the district court's jurisdiction." Jardines Bacata, Ltd., 878 F.2d at 1559 (waiver of jurisdiction." Jardines Bacata, Ltd., 878 F.2d at 1559 (waiver of ______________________ right to challenge personal jurisdiction may be found only if there is right to challenge personal jurisdiction may be found only if there is no other reasonable explanation of the conduct). On June 4, Feiger no other reasonable explanation of the conduct). On June 4, Feiger had challenged the sufficiency of service of process; he reasserted had challenged the sufficiency of service of process; he reasserted the same defense on July 26. There was no unequivocal showing of an the same defense on July 26. There was no unequivocal showing of an intention to submit to the jurisdiction of the district court. intention to submit to the jurisdiction of the district court. 12