PRECISION ETCHINGS
& FINDINGS, INC.

v.

LGP GEM, LTD.

v.

Maurice C. FEIGER, Alias.

Civ. A. No. 89–0194P.

United States District Court,
D. Rhode Island.

Aug. 3, 1993.

Richard D. Boriskin, Markoff & Boriskin, Providence, RI, for plaintiff.

Harold E. Krause, Cranston, RI, for defendant.

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

This matter was remanded to this court by the United States Court of Appeals for the First Circuit for further fact finding bearing on the issue of substantial compliance with F.R.Civ.P. 4(d)(1). This matter has been referred to me for preliminary review, findings and recommended disposition.[1] I have

---

1. 28 U.S.C. § 636(b)(1)(B); *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).

conferred with counsel and have reviewed the pleadings, the affidavit of Beverly Berkowitz and the deposition transcript of third-party defendant, Maurice C. Feiger. Based on my review and research, I recommend that the District Court find there has been substantial compliance by defendant/third party plaintiff, LGP Gem, Ltd. ("LPG"), with F.R.Civ.P. 4(d)(1) and that third-party defendant, Maurice C. Feiger ("Feiger") has been properly served with process and is subject to the jurisdiction of this court.

*Procedural History*

This matter commenced with the filing of a complaint on March 28, 1989 by plaintiff, Precision Etching & Findings, Inc. ("Precision") against LGP. LGP answered and subsequently filed a third-party complaint against its former employee, Feiger, seeking damages and indemnification. Feiger was served by certified mail in January, 1990 at a Brooklyn, New York address but never answered the third-party complaint. Default was entered against Feiger in April, 1990. A motion to vacate the default on the ground of insufficient service of process was filed and ultimately a default judgment was entered against Feiger. A motion to vacate the default judgment was then filed and, following a hearing, denied as the district court determined Feiger had actual notice of the third-party complaint. A postjudgment motion to set aside the default judgment was denied and Feiger appealed to the United States Court of Appeals for the 1st Circuit. That court vacated the default judgment and remanded the matter for further fact-finding bearing on the issue of substantial compliance with F.R.Civ.P. 4(d)(1). *Precision Etching & Findings, Inc. v. LGP Gem, Ltd.,* 953 F.2d 21 (1st Cir.1992).

*Facts*

Precision's complaint alleges it is owed $85,449.12 by defendant, LGP, for merchandise sold and delivered and/or services rendered. LGP denied the debt and filed the third-party complaint against Feiger alleging that at all pertinent times Feiger was an employee of LGP but was not as of the filing of this action; that Feiger received products from Precision for LGP but converted them to his own use; that said acts of conversion were so willful and wanton as to support a claim for punitive damages; that Feiger committed fraud against LGP; and that LGP is entitled to full indemnity for all sums recovered against it by Precision.

The third-party complaint and summons were mailed on February 5, 1990 to Feiger by certified mail, return receipt requested, and delivered on February 7, 1990. The pleadings were addressed to Feiger at 1265 Ocean Parkway, Brooklyn, N.Y. 11230 (no specific apartment was identified). LGP states that on or about February 21, 1990, Feiger telephoned LGP's counsel, Richard D. Boriskin, Esq., and requested an extension to file an answer to the third-party complaint. Atty. Boriskin granted the request and agreed to a second request if local counsel required one. *Affidavit of Boriskin* dated August 7, 1990.

Feiger's deposition was taken by LGP on May 14, 1992. Feiger stated he resided at the address to which the pleadings were mailed on February 5, 1990 and had resided there for 14 years. Feiger resided at this address with his wife and 3 children and it is a three-family dwelling with the Feiger family residing on the third floor. Marvin and Beverly Berkowitz reside on the second floor with their children and the Press family reside on the first floor. There is one common mail box serving the three families living in the building. There is no individual mail box for each apartment. There is a buzzer for each apartment and a family name plate located next to the appropriate buzzer. Mr. & Mrs. Berkowitz own the building where the Feiger family resides. Feiger denies ever speaking to Atty. Boriskin about the third-party pleadings or receipt thereof.

An affidavit of Beverly Berkowitz dated June 24, 1992 states that she resides at 1265 Ocean Parkway, Brooklyn, N.Y. which is a three-family dwelling owned jointly by her and her husband. Ms. Berkowitz states that she reviewed the return receipt card indicating delivery of certified mail on February 7, 1990 and identified the signature thereon as hers. Ms. Berkowitz has no specific recall of receiving the certified letter but states it would be her practice to place such mail in a mail container located in the foyer and dedi-

cated to the floor where the particular resident lives. In this case, the unopened envelope would have been placed in the Feiger mail container in the foyer.

*Discussion*

■ As the First Circuit has stated, "a default judgment entered by a court which lacks jurisdiction over the person of the defendant is void and may be set aside *at any time* pursuant to Fed.R.Civ.P. 6(b)(4)." (Citations omitted) 953 F.2d at 23. Personal jurisdiction over a defendant is obtained by one of two methods: (1) proper service of process or (2) defendant's waiver of any defect in the service of process.

In this case, LGP attempted service of process in compliance with Rhode Island law pursuant to F.R.Civ.P. 4(c)(2)(C). Rhode Island Superior Court Rule 4(d)(1) [2] requires service on an individual by delivery of the summons and complaint upon him personally, *or* by leaving copies of the pleadings at his dwelling house or usual place of abode with a person of suitable age and discretion then residing therein *or* by delivery to an authorized agent for service of process. Super.R.Civ.P. 4(d)(1). Rhode Island also recognizes proper service of process on a nonresident subject to the jurisdiction of Rhode Island courts "by mailing a copy of the summons and complaint to the individual by registered or certified mail, return receipt requested." Super.R.Civ.P. 4(e).

In this case, LGP attempted service of process by certified mail and mailed the process to the correct address but without the designation of a particular apartment. The mail was delivered to a common mail box and signed for by a resident and owner of the Feiger apartment complex. The resident/owner then placed the letter in a mail container on the ground floor intended for mail belonging to Feiger who resided on the third floor. Feiger was never served personally nor at his particular apartment.

The question is whether the service of process here is sufficient to exercise personal jurisdiction over Feiger so as to enter a valid default judgment against him.

The First Circuit cited *Plushner v. Mills*, 429 A.2d 444 (R.I.1981) and a decision cited therein and relied on in part, *Nowell v. Nowell*, 384 F.2d 951 (5th Cir.1967), cert. denied, 390 U.S. 956 (1968). In *Plushner*, service was made on defendant's daughter while present at defendant's residence and in charge of the house although not residing therein. There was a substantial nexus between the defendant and his daughter and it could be assumed she would convey the process to her father. The court further noted that the daughter remained a trusted member of the family even though no longer residing with her father and that she had a key to the premises, could come and go at will and was present on the day of service performing family business. Ultimately, defendant was told of this service of process. Consequently the daughter was determined to be "residing therein" within the meaning of Super.R.Civ.P. 4(d)(1), especially where defendant had actual notice of the service.

In *Nowell v. Nowell, supra*, the defendant was served with process by delivering a copy thereof to the resident manager of his apartment complex. The apartment complex consisted of two buildings with a total of 63 separate apartments. The resident manager was not acquainted with defendant and resided in a separate building. Presumably defendant received actual notice as he moved to quash the service. The *Nowell* court stated that Rule 4(d)(1) should be broadly interpret-

---

**2.** Although the First Circuit references R.I. District Court Rule 4(d)(1), it is clear that this matter, had it been commenced in Rhode Island state courts, would have been brought in Superior Court. R.I.G.L. § 8–2–14. Therefore, we deal with R.I. Superior Court Rule 4(d)(1). As a practical matter, it makes no difference as Rule 4(d)(1) for the District and Superior Courts are identical and nearly identical with F.R.Civ.P. 4(d)(1).

Superior Court Rule 4(d)(1) states in pertinent part:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

(1) Upon an individual other than an incompetent person by delivering a copy of the summons and complaint to him or her personally or by leaving copies thereof at his or her dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

ed where the defendant receives actual notice, 384 F.2d at 953, and affirmed the judgment.

In *U.S. v. Ayer*, 857 F.2d 881 (1st Cir. 1988), defendant was served by certified mail at the Ritz Towers, her residence. The return receipt was signed by a functionary at the apartment complex. Evidence showed that all mail received at the Ritz Towers is taken by the front desk. Ayer knew of this practice and, by her silence, presumably acquiesced in it. The person signing the return receipt was therefore authorized to receive the process as Ayer's agent. Defendant received actual notice but denied the Ritz Towers was her residence. Ultimately default judgment against defendant was entered and defendant predictably moved to vacate. The First Circuit affirmed the district court's finding of valid service and denial of the motion to vacate.

In *Lavey v. Lavey*, 551 A.2d 692 (R.I.1988), defendant was served with process at a dwelling legally owned by him by leaving a copy with a person of suitable age and discretion residing therein. Defendant did receive actual notice of the lawsuit but contends he was not served at his dwelling house. However the evidence showed that defendant was at the residence daily and at times ate, showered and watched television there. He received his mail and occasionally slept and dressed there. He also used that address on a number of documents. The trial justice found this to be defendant's dwelling house within the meaning of Rule 4(d)(1). The default judgment against defendant was affirmed.

Common to all these decisions is the finding that the defendant received actual notice of the suit. Once that has been determined, Rule 4(d)(1) has been broadly interpreted. *Plushner v. Mills*, 429 A.2d at 446; *Nowell v. Nowell*, 384 F.2d at 953; *U.S. v. Ayer*, 857 F.2d at 887; *Lavey v. Lavey*, 551 A.2d at 695.

■ In the instant case, F.R.Civ.P. 4(d)(1) could be broadly interpreted if Feiger received actual notice of the third-party action. *Precision Etchings & Findings v. LGP Gem, Ltd.*, 953 F.2d at 24. At the hearing on Feiger's motion to vacate the default judgment, the district court found that Feiger had actual notice of this third party complaint. *Id.* at 23. Feiger never challenged that finding, but, instead, appealed the denial of his motion to vacate the default judgment on the ground that actual notice alone provided an insufficient basis to establish personal jurisdiction over him. *Id.* The finding by the district court that Feiger received actual notice is final.

■ Since Feiger received actual notice of the third-party complaint, Rule 4(d)(1) is to be broadly interpreted. Here there is substantial compliance with Rule 4(d)(1). There is a substantial nexus between Feiger and the resident/owner of his apartment house. Feiger has resided there for 14 years and is well aware of the common mail box for the dwelling and that the resident/owner receives the mail and distributes it to the various residents via a mail container in the foyer *specifically* for that apartment. This has been ongoing for 14 years. Feiger's home is in a three apartment complex and he is well acquainted with the resident/owner. The facts in this matter are much stronger for substantial compliance than the facts in *Nowell v. Nowell, supra*, where substantial compliance with Rule 4(d)(1) was found. I find that service of process under the circumstances of this case was proper. It was "'reasonably calculated to give [defendant] knowledge of the proceedings and an opportunity to be heard.'" *Plushner v. Mills*, 429 A.2d at 446, citing *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir.1972).

*Conclusion*

I recommend that the Court find that there has been substantial compliance with F.R.Civ.P. 4(d)(1), that service of process on the resident/owner was proper, and that the court has personal jurisdiction over Feiger. I further recommend that the default judgment be entered again against third-party defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)

days of its receipt.[3] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[4]

---

**3.** Rule 32, Local Rules of Court; Rule 72(b), FRCP.

**4.** *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).