14 F.3d 45
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Luz Aida RODRIGUEZ, a/k/a Luz Aida Rodriguez Rivera,
Defendant, Appellant.
 No. 93-1303.
 United States Court of Appeals,
First Circuit.
 December 29, 1993
 
 Appeal from the United States District Court for the District of Puerto Rico
 Susana Cortina de Cardenas, on brief for appellant.
 Guillermo Gil, United States Attorney, and Jose M. Pizarro-Zayas, Assistant United States Attorney, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Luz Aida Rodriguez appeals a memorandum order by the United States District Court for the District of Puerto Rico denying her motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) & (6). The gravamen of appellant's argument is that the judgment was void because the court lacked jurisdiction due to inadequate service of process. We affirm.
 
 Background
 
 2
 In 1971, the Farmers Home Administration [FHA] granted appellant and her then husband a mortgage loan secured by a lien over appellant's property in Canvanas, Puerto Rico. Appellant assumed the entire obligation after being divorced from her husband in 1972. In September 1991, after appellant had fallen behind in the installment payments, the United States, on behalf of the FHA, filed a judicial action in federal district court for collection of money and foreclosure of the mortgage. On September 24, 1991, a United States Deputy Marshall personally delivered to appellant's residence a copy of the summons and the complaint in this case. The Deputy Marshall testified that the papers were accepted by appellant's son.
 
 
 3
 Appellant failed to appear and a default judgment was entered on November 15, 1991. An order for execution of judgment was entered on February 13, 1992, and a writ of execution on February 24. A notice of sale was published on
 
 
 4
 April 10, 1992, and a public sale was held on June 10. The property was awarded to the highest bidder and the sale was confirmed by the district court on September 9, 1992.
 
 
 5
 On September 20, 1992, appellant moved in the district court for the case to be dismissed for lack of proper service. According to affidavits filed with the motion, appellant attested that she had not been served with a copy of the complaint and that she had lived alone for the past four years. Her son further attested that he had never been served with a copy of the summons or complaint. Hearings were held in December 1992 and January 1993 at which oral and documentary evidence was presented. Based on this evidence, the court found that the Deputy Marshall had served the appellant, through her son, at the appellant's dwelling place in accord with Fed. R. Civ. P. 4(d)(1). The court found the contrary attestations of appellant and her son to be not credible. As a consequence, the court denied the motion for relief from judgment.
 
 Discussion
 
 6
 Appellant asserts that the district court erred in finding that process had been properly served upon her in this case. We review the court's factual findings for clear error. Dedham Water Co. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 457 (1st Cir. 1992). "[W]hen factual findings are based on determinations regarding the credibility of witnesses [Fed. R. Civ. P.] 52 demands that the appeal court accord even greater deference to the trial court's findings." Rodriguez-Morales v. Veterans Admin., 931 F.2d 980, 982 (1st Cir. 1991) (citing cases). We usually review a court's denial of a Rule 60(b) motion only for an abuse of discretion. Cotto v. United States, 993 F.2d 274, 277 (1st Cir. 1993). However, "[a] default judgment entered by a court which lacks jurisdiction over the person of the defendant is void," Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992), and "[i]f the judgment is void, the district court has no discretion but to set aside the entry of the default judgment," Echevarria-Gonzales v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988).
 
 
 7
 Pursuant to Fed. R. Civ. P. 4(d)(1) service of process may be made
 
 
 8
 by leaving copies [of the summons and complaint] at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein
 
 
 9
 At the hearing on the Rule 60 motion, the Deputy Marshall testified that he had served a copy of the summons and the complaint upon appellant's son at her dwelling. Appellant's son denied having been served. Furthermore, the Deputy Marshall indicated that the person whom he served seemed to be about fifteen or sixteen years old. Appellant's son was at the time twenty four. The district found appellant's son's denial of having been served not credible. It also found that the discrepancy in ages was explicable by the fact that appellant's son looked younger than his age. In light of the deference owed to the district court in making credibility determinations, we find no clear error in the court's finding that process was served on the son at appellant's house.
 
 
 10
 Appellant also contends that the son upon whom process was allegedly served did not reside in appellant's house and thus was not a proper recipient of process under Rule 4(d)(1). The only evidence of appellant's son residing at her house was the testimony of the Deputy Marshall. His testimony shows that the person whom he served at appellant's dwelling identified himself as appellant's son and that from this the Deputy Marshall assumed that he resided therein.[1]
 
 
 11
 Appellant's son, on the other hand, denied having resided at his mother's house when process was allegedly served. He testified that at the time in question he was living with his wife and children at the home of his wife's parents. While the district court made no specific finding that the son resided in appellant's dwelling, such a finding was implicit in his decision. See Home-Stake Production Co, C.A. v. Talon Petroleum, 907 F.2d 1012, 1017 (10th Cir. 1990).
 
 
 12
 Where, as the court supportably found in the instant case, a defendant has received actual notice of an action, service of process requirements are to be "broadly interpreted," see, e.g., Nowell v. Nowell, 384 F.2d 951 (5th Cir. 1967), cert. denied, 390 U.S. 956 (1968); Adams v. School Board, 53 F.R.D. 267, 268 (D.Pa. 1971), and "substantial compliance" with the requirements suffices, see Precision Etchings, 953 F.2d at 24 (citing cases). In cases where actual notice has been received, service on a person linked by a "substantial nexus" to the defendant has been held to meet the requirements of Rule 4(d)(1). See Nowell, 384 F.2d at 953 (service on defendant's landlady who resided in separate apartment building from defendant found adequate where "substantial nexus" existed between landlady and defendant); see also M. Lowenstein & Sons, Inc. v. Austin, 430 F.Supp. 844, 845 (S.D.N.Y. 1977) (daughter who was visiting home from school and stayed overnight was "then residing" at residence for purposes of Rule 4(d)(1)). In the instant case, the record supportably shows that appellant's son answered the door at her house when she was not at home and was therefore a trusted member of the household. In light of the "substantial nexus" between appellant and her son, we find no clear error in the court's implicit finding that appellant's son was "residing" in her house for the purposes of Rule 4(d)(1).[2] The court did not err in its denial of the Rule 60(b)(4) motion.
 
 
 13
 Appellant also contends that the court erred in receiving and considering evidence on issues other than the adequacy of the service of process at the hearing. She further contends that her right to due process was violated by the consideration of such evidence since she had been unable to conduct adequate discovery before the hearing.
 
 
 14
 In advance of the hearing, the court had ordered the government to produce evidence of the "amounts due and owing to the government in this case" and had instructed the defendant to bring in evidence setting forth her understanding of the amounts due. The record indicates that the court was aware that the issue of the amount owed was not before the court but considered the information as "background" to the Rule 60(b)(4) motion. Moreover, this background evidence was relevant to the court's finding that appellant had actual notice of the foreclosure action.[3] We find no abuse of discretion in the court's consideration of this "background" evidence. Furthermore, even though appellant had a limited time in which to prepare her response to the government's evidence of the amount due, we do not find that she suffered sufficient prejudice to implicate the federal due process clause.
 
 
 15
 The denial of the motion to vacate the judgment is affirmed.
 
 
 
 [1]
 The following evidence was presented at the hearing:
 Counsel: How do you know [the person served] was her son?
 Marshall: He told me he was Mrs. Lu[z] Ida Rodriguez's son.
 Counsel: He told you. Did he tell you he lived there?
 Marshall: Yes, he did.
 Counsel: How did he say that?
 Marshall: Well, I was looking for Mrs. Luz Ida Rodriguez at that address and the boy happened to be there, and he said, "Yes, it is my mother." That is the way I served thepaper, through him.
 Counsel: I don't understand[. T]he boy happened to be there? What does that mean?
 Marshall: The boy was there. In the house.
 Counsel: And how do you know the ... boy lived in the house?
 Marshall: Because he told me that [he] was Mrs. Rodriguez' son. And that was at that address.
 
 
 [2]
 A similar result was reached by the Supreme Court of Rhode Island in Plushner v. Mills, 429 A.2d 444 (R.I. 1981). In Plushner defendant's daughter was found to have "resided" in defendant's household for purposes of receiving service of process even though she maintained a separate residence. The court found that she was a "trusted member of defendant's household and that a substantial nexus existed between her and defendant." Id. at 446. Although the court in Plushner was interpreting the Rhode Island rule for service of process, that rule, in relevant part, is almost identical to Fed. R. Civ. P. 4(d)(1) and, in interpreting it, the Rhode Island courts "look for guidance in the precedents of the federal courts, upon whose rules those of [Rhode Island] are closely patterned." Id. at 445 (quoting Nocera v. Lembo, 298 A.2d 800, 803 (R.I. 1973))
 
 
 [3]
 For example, the government presented evidence that appellant attempted to make a partial payment to the FHA eight days after the summons was served and that, when this payment was returned, appellant was personally informed of the existence of the proceedings against her