<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                  United States Court of Appeals
                       For the First Circuit
                                  
                         ________________

No. 98-1182

                       SEA-LAND SERVICE, INC.,

                        Plaintiff, Appellee,

                                 v.

                    CERAMICA EUROPA II, INC. and
                  CERAMICA EUROPA HATO REY, INC.
                                  
                      Defendants, Appellants,
                                  
                       ____________________

No. 98-1207

                     TAG/ICIB SERVICES, INC.,
                                  
                        Plaintiff, Appellee
                                  
                                v.
                                  
                  CERAMICA EUROPA HATO REY, INC.,
                                  
                       Defendant, Appellant,
                                  
                                and
                                  
                     CERAMICA EUROPA II, INC.,
                                  
                             Defendant
                                  
                         ________________
                                  
                                  
           APPEAL FROM THE UNITED STATES DISTRICT COURT
                                  
                  FOR THE DISTRICT OF PUERTO RICO
                                  
       [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]
                                  
                       ____________________
                                  
                              Before
                                  
                       Lynch, Circuit Judge
                                  
Hall,   Senior Circuit Judge
    
   and Lipez, Circuit Judge.
    
   _____________________
    
    
      Manuel R. Suarez for appellants.
    
      Enrique Peral, with whom Muoz, Boneta, Gonzalez, Arbona, Benitez
   & Peral were on brief, for appellees.
    
                      ___________________  
                                
                                
                       December 1, 1998
                                
 ___________________     

   LYNCH, Circuit Judge.  In these consolidated cases, two
   Puerto Rico corporations, Ceramica Europa II, Inc. and Ceramica
   Europa Hato Rey, Inc. (collectively "defendants"), appeal from
   the denial of their motions to set aside default judgments
   under Rules 55(c) and 60(b)(4) of the Federal Rules of Civil
 Procedure.    We affirm, finding no abuse of discretion in the
   court's denial of the Rule 55(c) motion and no error in the
   court's denial of the Rule 60(b)(4) motions.
      In the spring of 1996, Sea-Land Service, Inc. and
   TAG/ICIB Services, Inc. (collectively "Sea-Land") filed two
   suits against the defendants seeking to recover freight charges
   (the "freight case") and demurrage charges (the "demurrage
   case").  Professional process servers hired by Sea-Land first
   attempted to deliver summons to Marco Barbarossa, the president
   of both defendant corporations, at his place of business.  When
   that proved unsuccessful, the servers examined records filed
   with the Puerto Rico Department of State and determined that
   the resident agent for both corporations was Barbarossa's wife,
   Myrna Ortiz.  They then served Myrna Ortiz at her home on July
   19, 1996.   
      On August 23, 1996, after default had been entered in
   both cases, the defendants moved to quash the summons, arguing
   that service was improper because the summons had been left at
 Barbarossa's home rather than delivered personally to him.    On
   September 17, 1996, the defendants made the same argument in a
   Rule 60(b)(4) motion to set aside a default judgment that had
   been entered in the demurrage case.  The court found the
   affidavits of the process servers to be worthy of credence and
   denied the motions to quash and the Rule 60(b)(4) motion.  On
   January 3, 1997, after default judgment had also been entered
   in the freight case, the defendants filed two additional Rule
   60(b)(4) motions, this time arguing in both the freight and
   demurrage cases that Ortiz was not served and that in any case
   Ortiz was not the resident agent for one of the corporations,
   Ceramica Europa Hato Rey, Inc.  The district court, addressing
   only the first argument, rejected the motions because it found
   the affidavits of the process servers to be more believable
   than Ortiz's sworn statement.  The defendants did not appeal
   from that order.
        In August and September 1997, the defendants attempted
   once again to have the default judgments set aside.  They filed
   a motion under Rule 55(c) to set aside the default judgment in
   the freight case because Sea-Land had failed to provide notice
   of its application for a default judgment.  Ceramica Europa
   Hato Rey, Inc. also filed motions under Rule 60(b)(4) in both
   cases, arguing once again that it had not been properly served
   because Ortiz was not its resident agent.  The district court
   denied both the Rule 55(c) motion and the Rule 60(b)(4) motions
   on various grounds, and this appeal ensued.
        We address first the denial of the defendants' motion
   under Rule 55(c).  District courts enjoy broad discretion in
   deciding motions to set aside a judgment under this rule, seeUnited States v. One Urban Lot Located at 1 Street A-1,
   Valparaiso, Bayamon, Puerto Rico, 885 F.2d 994, 997 (1st Cir.
   1989), and we review such rulings only for abuse of discretion,  
   see Key Bank of Maine v. Tablecloth Textile Co., 74 F.3d 349,
   352 (1st Cir. 1996).  We find no abuse of discretion here.  The
   district court acknowledged that the defendants did not receive
 the notice required by Rule 55(b)(2),   but concluded that there
   was nonetheless no "good cause" to set aside the judgment under
 Rule 55(c).     The purpose of the notice requirement in Rule
   55(b)(2) is to permit a party to show cause for its failure to
   timely appear.  Since the defendants had already tried, and
   failed, to effectively explain their failure to timely appear
   in their earlier motion to set aside the judgment, it would
   have been senseless for the court to vacate the default
   judgment in order to give the defendants yet another
   opportunity.  The court's refusal to engage in such a fruitless
   exercise can hardly be considered an abuse of discretion.
      Our review of the denial of the Rule 60(b)(4) motions
   proceeds along slightly different lines.  Normally the decision
   to grant or deny a Rule 60(b) motion lies within the discretion
   of the district court, and review is for abuse of discretion
   only.  See Cotto v. United States, 993 F.2d 274, 277 (1st Cir.
   1993).  However, the First Circuit has held that the district
   court does not have discretion to deny a Rule 60(b)(4) motion
   if the challenged judgment was void for lack of personal
   jurisdiction.  See Echevarria-Gonzalez v. Gonzalez-Chapel, 849
   F.2d 24, 28 (1st Cir. 1988) ("If the judgment is void, the
   district court has no discretion but to set aside the entry of
   default judgment.").  This suggests that denial of such a
   motion should be given de novo review.  Although the First
   Circuit has not expressly adopted this standard of review for
   the denial of Rule 60(b)(4) motions, a number of other circuits
   have.  See Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir.
   1998), petition for cert. filed, 67 U.S.L.W. 3271 (U.S. July
   21, 1998) (No. 98-571) (adopting de novo standard); Wilmer v.
   Board of County Comm'rs, 69 F.3d 406, 409 (10th Cir. 1995)
   (same); United States v. Indoor Cultivation Equip. from High
   Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir. 1995)
   (same); Export Group v. Reef Industries, Inc., 54 F.3d 1466,
   1469 (9th Cir. 1995) (same); Page v. Schweiker, 786 F.2d 150,
   152 (3rd Cir. 1986) (same).  Because the parties did not
   address the question of standard of review, we will not decide
   the question here.  Rather, we will assume arguendo that the
   stricter de novo standard applies, while noting that our
   affirmance under that standard necessarily entails that there
   was no abuse of discretion.  
      As an initial matter, our precedent establishes that
   Rule 60(b)(4) motions cannot be denied on the procedural ground
   that they were not brought within a "reasonable time" as
   required under Rule 60(b).  Although the language of Rule 60(b)
   literally applies even to motions alleging lack of personal
   jurisdiction, this court has held that motions to set aside a
   judgment for lack of personal jurisdiction under Rule 60(b)(4)
   may be made at any time.  See United States v. Boch Oldsmobile,
   Inc., 909 F.2d 657, 661 (1st Cir. 1990); Precision Etchings &
   Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir.
   1992). See generally 11 C. Wright & A. Miller, Federal Practice
   & Procedure  2862, 2866 (1995) (explaining exception).  Thus,
   the defendant's unreasonable delay in bringing the instant Rule
   60(b)(4) motions nearly one year after the entry of default
   judgments and nearly nine months after filing the second set of
 Rule 60(b) motions does not alone provide a basis for denial.    
      This delay does, though, lend support to the district
   court's rejection on the merits of the claim that Ortiz was not
   the resident agent for one of the two defendant corporations.  
   If Ortiz were truly not the resident agent for Ceramica Europa
   Hato Rey, Inc., it was reasonable to think the defendant would
   have made this argument in its motions to quash the summons and
   in its first Rule 60(b) motion.  It appears in any event that
   Sea-Land properly served both defendants under Section 12.01 of
   the Puerto Rico Corporations Law of 1995, P. R. Laws Ann. Tit.
   14, Section 3126, which permits service of process on
   corporations by leaving copies of the summons and complaint at
   the dwelling of any officer, director, or registered agent of
   the corporation -- in this case, the dwelling of the president
   of both corporations, Marco Barbarossa.  Thus, we find that the
   court correctly denied the Rule 60(b)(4) motions because
   Ceramica Europa Hato Rey, Inc. was properly served under
   either, or both, Rule 4(h)(1) and Rule 4(e)(1).
      But even if service were not proper, we would affirm
   for a separate reason: the fact that the defendant had already
   raised this issue in the second set of Rule 60(b)(4) motions
   (filed January 3, 1997) and did not appeal the denial.  It is
   well settled that Rule 60(b) motions may not be used as a
   substitute for timely appeal.  See Cotto, 993 F.2d at 278.  The
   same principle applies here: if Ceramica Europa Hato Rey, Inc.
   wished to challenge the district court's rejection of (or the
   court's failure to consider) the argument that Ortiz was not
   its resident agent, it should have appealed the denial of the
   motions in which it first made those arguments.  Having chosen
   not to appeal (or even to move for reconsideration), it cannot
   expect to be able to reopen this issue in a successive Rule
   60(b) motion.
      Affirmed.  See 1st Cir. Loc. R. 27.1.

</body>

</html>